# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Blair*, 2013 IL 114122

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CONNIE S. BLAIR, Appellee. |
| Docket No. | 114122 |
| Filed | March 21, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although the mandatory 15-year sentence enhancement for armed robbery with a firearm was judicially determined in 2007 to violate the proportionality clause of the Illinois Constitution by permitting a sentence more severe than that for the identical offense of armed violence based on robbery with a category I or II weapon, that enhancement was not thereby rendered void *ab initio*, but merely unenforceable, and the legislature revived the enhancement later that same year by a statutory amendment providing that armed violence could no longer be predicated on robbery, thus making the two offenses no longer subject to proportionality review because they were no longer identical. |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Henry County, the Hon. Charles H. Stengel, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |

Counsel on
Appeal

Lisa Madigan, Attorney General, of Springfield, and Terence M. Patton, State's Attorney, of Cambridge (Michael A. Scodro, Solicitor General, and Michael M. Glick and Garson S. Fischer, Assistant Attorneys General, of Chicago, and Patrick Delfino, Stephen E. Norris and Jennifer Camden, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Santiago A. Durango, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

Justices

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    At issue in this appeal is whether Public Act 95-688 (eff. Oct. 23, 2007), which amended the armed violence statute, revived the sentencing enhancement in the armed robbery statute that this court held unconstitutional in *People v. Hauschild*, 226 Ill. 2d 63 (2007).

¶ 2    For the reasons stated below, we hold that Public Act 95-688 revived the armed robbery sentencing enhancement. We therefore reverse the judgment of the appellate court (2012 IL App (3d) 100743-U), and affirm the judgment of the trial court which applied the enhancement to defendant's sentence.

¶ 3                                        BACKGROUND

¶ 4    Defendant Connie Blair was convicted by a Henry County jury of armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2008)), in connection with an incident in April 2009. The trial court sentenced defendant to a term of 23 years' imprisonment which, over defendant's objection, included a 15-year enhancement pursuant to section 18-2(b) of the armed robbery statute. 720 ILCS 5/18-2(b) (West 2008). Defendant appealed.

¶ 5    The appellate court held that the trial court erred by applying the 15-year enhancement. 2012 IL App (3d) 100743-U, ¶ 1. The appellate court rejected the State's argument that Public Act 95-688 could revive the sentencing enhancement in the armed robbery statute by amending the armed violence statute. *Id.* ¶¶ 6-12 (discussing *People v. Manuel*, 94 Ill. 2d 242 (1983)). According to the appellate court, when *Hauschild* held the armed robbery sentencing

enhancement in section 18-2(b) unconstitutional under the proportionate penalties clause, the enhancement was rendered void *ab initio*, and it "remains unavailable at sentencing until the legislature takes some action on section 18-2(b)." *Id.* ¶ 12. The appellate court reversed and remanded for resentencing in accordance with the armed robbery statute as it existed prior to the adoption of the sentencing enhancement. *Id.* ¶ 13. Under the appellate court judgment, on remand, defendant would be subject to a sentence of 6 to 30 years' imprisonment, rather than an enhanced sentence of 21 to 45 years' imprisonment. Compare 720 ILCS 5/18-2(b) (West 1998), and 730 ILCS 5/5-8-1(a)(3) (West 1998), with 720 ILCS 5/18-2(b) (West 2008).

¶ 6    We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 7                                    ANALYSIS

¶ 8                                        I

¶ 9    Whether Public Act 95-688 revived the sentencing enhancement for armed robbery held unconstitutional in *Hauschild* presents an issue of law, which we review *de novo*. *People v. Clemons*, 2012 IL 107821, ¶ 8. An understanding of this issue, as well as the parties' arguments, requires that we first review our proportionate penalties jurisprudence as it relates to the two statutes at issue here—the armed robbery statute and the armed violence statute.

¶ 10                                      II

¶ 11    In *People v. Lewis*, 175 Ill. 2d 412 (1996), we considered whether the penalties for armed violence predicated on robbery committed with a category I weapon (a handgun) (720 ILCS 5/33A-1 (West 1994)) and armed robbery (720 ILCS 5/18-2 (West 1994)) are proportionate penalties under our state constitution (Ill. Const. 1970, art. I, § 11). At that time, armed robbery, a Class X felony, was punishable by a term of imprisonment of 6 to 30 years. 720 ILCS 5/18-2(b) (West 1994); 730 ILCS 5/5-8-1(a)(3) (West 1994). Armed violence, predicated on robbery with a category I weapon, was also a Class X felony, but was punishable by a term of imprisonment of 15 to 30 years. 720 ILCS 5/33A-2, 33A-3 (West 1994). Applying the identical elements test for proportionality review, we held that the penalty for armed violence predicated on robbery committed with a category I weapon violated the proportionate penalties clause. *Lewis*, 175 Ill. 2d at 418. Accordingly, the "State's Attorney had no authority to charge that offense." *Id.* at 423.

¶ 12    Four years after *Lewis*, the General Assembly enacted Public Act 91-404, which contained the so-called "15/20/25-to-life" sentencing enhancements. Pub. Act 91-404 (eff. Jan. 1, 2000). The new sentencing scheme mandated that 15 years, 20 years, or 25 years to natural life must be added to the Class X sentence for armed robbery (and several other offenses) where the offender was, respectively, armed with a firearm, discharged a firearm, or discharged a firearm causing great bodily harm or death. 720 ILCS 5/18-2 (West 2000). As a result of these mandatory add ons, the sentence for armed robbery while armed with a firearm became greater than the sentence for armed violence based on robbery with a category I or II weapon. Compare 720 ILCS 5/18-2(b) (West 2000) (armed robbery sentences), with 720 ILCS 5/33A-3 (West 2000) (armed violence sentences).

¶ 13 Public Act 91-404 also amended the armed violence statute in two respects: (1) armed robbery, and certain other felonies, were expressly excluded as predicate offenses for armed violence (720 ILCS 5/33A-2 (West 2000)); and (2) the sentence for armed violence committed with a firearm was no longer dependent solely on the category into which the firearm belonged, but was also dependent on whether the offender discharged the firearm (720 ILCS 5/33A-2, 33A-3(b-5), (b-10) (West 2000)).

¶ 14 We considered the constitutionality of the enhanced penalties for armed robbery in *People v. Walden*, 199 Ill. 2d 392 (2002). Utilizing the cross-comparison approach for proportionality review, we determined that armed robbery while in possession of a firearm, and armed violence predicated on aggravated robbery, shared an identical statutory purpose, but that the less serious offense—armed robbery—was punished more severely. *Id.* at 396-97. Thus, we held the 15-year enhancement for armed robbery while in possession of a firearm violated the proportionate penalties clause and was "unenforceable." *Id.* at 397.

¶ 15 A few years later, in *People v. Sharpe*, 216 Ill. 2d 481, 519 (2005), we abandoned cross-comparison proportionate penalties analysis, and expressly overruled "[t]hose cases that used such an analysis to invalidate a penalty." *Walden* was no longer good law.

¶ 16 Following *Sharpe*, the next opportunity to consider the constitutionality of the sentencing enhancement for armed robbery presented itself in *Hauschild*. There, the defendant was convicted of several offenses, including armed robbery while armed with a firearm. At the time of the offenses, the 15/20/25-to-life amendments were in effect. By the time of sentencing, however, *Walden* had been decided. And while the defendant's case was pending on direct appeal, *Sharpe* was decided. At issue in *Hauschild* was whether defendant was subject to the 15-year add-on penalty for his armed robbery conviction and, if so, whether that sentence was disproportionate to the sentence for armed violence based on robbery with a category I or II weapon.

¶ 17 We first considered the effect of our holding in *Sharpe*, concluding that:

> "*Sharpe* effectively 'revived' the constitutionality of the 15-year add-on penalty for armed robbery while armed with a firearm. [Citation.] Put another way, because cross-comparison proportionate penalties review was no longer part of our jurisprudence following *Sharpe*, *** *Walden* *** no longer supported a finding that the 15-year sentencing enhancement for armed robbery while armed with a firearm *** violated the proportionate penalties clause of the Illinois Constitution." *Hauschild*, 226 Ill. 2d at 76-77.

We next concluded that *Sharpe*, which was of constitutional dimension, applied retroactively to the defendant's case (*id.* at 78), and that the defendant was thus subject to the 15-year add on (*id.* at 81).

¶ 18 Before examining the defendant's claim that the enhanced sentence for armed robbery violated the proportionate penalties clause when compared to the sentence for armed violence based on robbery with a category I or II weapon, we considered the status of the armed violence statute in light of our decision in *Lewis*. The appellate court in Hauschild's case believed that the armed violence statute " 'ceased to exist' " after *Lewis*, and that armed violence could not be used as a basis to conduct proportionality review. *Id.* at 84 (quoting

*People v. Hauschild*, 364 Ill. App. 3d 202, 217 (2006)). We rejected the appellate court's conclusion:

> "While *Lewis*, 175 Ill. 2d at 423, found the sentencing scheme for armed violence predicated on armed robbery to be unconstitutional as penalizing the same conduct more severely than did the armed robbery statute, and therefore unavailable to prosecutors, that prohibition was eradicated by the legislature's enactment of Public Act 91-404. In other words, Public Act 91-404 'revived' the offense of armed violence predicated on robbery when it amended the sentence for certain armed robberies to add the 15/20/25-to-life provisions, creating more severe penalties for those offenses than for armed violence predicated on robbery." *Hauschild*, 226 Ill. 2d at 84.

We concluded that our holding in *Lewis* did not preclude "comparison of the 'revived' armed violence offense to armed robbery while armed with a firearm for purposes of proportionality review." *Id.* at 85.

¶ 19 In *Hauschild*, we also rejected the State's argument that, because Public Act 91-404 excluded armed robbery as a predicate offense for armed violence, a comparison between the two offenses under the identical elements test for proportionality was inappropriate. *Id.* We observed that Public Act 91-404 had not excluded robbery as a predicate offense for armed violence, and because every charge of armed violence predicated on robbery would also be an armed robbery, a comparison between armed robbery and armed violence under our identical elements test was permissible. *Id.*

¶ 20 We ultimately held, in *Hauschild*, that the sentence applicable to the defendant for armed robbery while armed with a firearm, which included a 15-year mandatory enhancement (720 ILCS 5/18-2(b) (West 2000)), violated the proportionate penalties clause because that sentence is more severe than the sentence for the identical offense of armed violence based on robbery with a category I or II weapon (720 ILCS 5/33A-3(a) (West 2000)). *Hauschild*, 226 Ill. 2d at 86-87. Thus, the 15-year enhancement for armed robbery that was adopted in Public Act 91-404, held unconstitutional in *Walden*, and whose constitutionality was revived in *Sharpe*, was once more unconstitutional.

¶ 21 Less than five months after our decision in *Hauschild*, the General Assembly enacted Public Act 95-688 (eff. Oct. 23, 2007), the subject of the instant appeal. Public Act 95-688 did not amend the armed robbery statute that *Hauschild* held unconstitutional. Rather, Public Act 95-688 amended the armed violence statute so that robbery cannot serve as a predicate offense for armed violence. As a result of this amendment, armed violence and armed robbery no longer have identical elements for purposes of proportionality review, precluding the type of proportionate penalties challenge mounted in *Hauschild*. In short, Public Act 95-688 remedied the disproportionality that existed between the armed violence and armed robbery statutes.

¶ 22 In *Clemons*, decided after the enactment of Public Act 95-688, we declined the State's invitation to overrule *Hauschild* or abandon the identical elements test. *Clemons*, 2012 IL 107821, ¶¶ 19, 26, 53. In the present case, we decide the issue left unanswered in *Clemons*: whether, following the legislature's enactment of Public Act 95-688, the State can obtain an

enhanced sentence for armed robbery. *Id.* ¶¶ 51-52. We note that our appellate court has not ruled consistently on this issue. Compare *People v. Brown*, 2012 IL App (5th) 100452, and *People v. Malone*, 2012 IL App (1st) 110517 (holding that Public Act 95-688 revived the armed robbery sentencing enhancement), with *People v. Gillespie*, 2012 IL App (4th) 110151, and *People v. McFadden*, 2012 IL App (1st) 102939 (holding that Public Act 95-688 did not revive the armed robbery sentencing enhancement).

¶ 23    With this background, we consider the parties' arguments.

¶ 24                                   III

¶ 25    The State urges us to reverse the appellate court judgment and hold that Public Act 95-688 revived the sentencing enhancement in the armed robbery statute. Relying on *Hauschild*, the State maintains that just as Public Act 91-404 revived the offense of armed violence based on robbery by amending the armed robbery statute, Public Act 95-688 revived the sentencing enhancement for armed robbery by amending the armed violence statute. The State disputes that, under the void *ab initio* doctrine, the legislature could only revive the armed robbery sentencing enhancement by amending and/or reenacting that statute. The State explains that unlike other constitutional violations, an identical elements proportionality violation arises from the relationship between *two* statutes. Therefore, at least two ways exist to remedy the constitutional violation: amend the challenged statute or amend the comparison statute. Here, the legislature opted to amend the comparison statute. The State also posits that amendment of the armed robbery statute was unnecessary because *Hauschild* simply rendered the statute unenforceable until the constitutional infirmity was remedied.

¶ 26    Defendant argues that although Public Act 95-688 may have remedied the constitutional infirmity in the armed robbery statute identified in *Hauschild*, Public Act 95-688 did not revive the sentencing enhancement in that statute. Defendant contends that once *Hauschild* declared the armed robbery sentencing enhancement unconstitutional the statute was void *ab initio*, and "the enhancement never existed." Defendant maintains that unless and until the legislature reenacts the sentencing enhancement in the armed robbery statute, it remains a nullity.

¶ 27    We agree with the State. Public Act 95-688 revived the sentencing enhancement for armed robbery.

¶ 28    When a statute is held facially unconstitutional, *i.e.*, unconstitutional in all its applications (see *In re Rodney H.*, 223 Ill. 2d 510, 521 (2006)), the statute is said to be void *ab initio*. *Lucien v. Briley*, 213 Ill. 2d 340, 344-45 (2004); *Hill v. Cowan*, 202 Ill. 2d 151, 156 (2002); see also *People v. Gersch*, 135 Ill. 2d 384, 390 (1990) (" '[w]hen a statute is held unconstitutional in its entirety, it is void *ab initio*' " (quoting *Manuel*, 94 Ill. 2d at 244-45)); *Perlstein v. Wolk*, 218 Ill. 2d 448, 455 (2006) (an unconstitutional statute is void "from the beginning"). The void *ab initio* doctrine is based on the theory that:

>    " 'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.' " *Id.* at 454 (quoting *Norton v. Shelby County*, 118 U.S. 425, 442 (1886)).

¶ 29    Contrary to defendant's argument, the void *ab initio* doctrine does not mean that a statute held unconstitutional "never existed." As we recognized in *Perlstein*, " '[t]he actual existence of a statute,' " prior to a determination that the statute is unconstitutional, " 'is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration.' " *Perlstein*, 218 Ill. 2d at 461 (quoting *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 374 (1940)). Moreover, to construe the void *ab initio* doctrine as rendering a statute nonexistent is tantamount to saying that this court may repeal a statute. See *Certain Taxpayers v. Sheahan*, 45 Ill. 2d 75, 81 (1970) ("effect of repeal is to obliterate the statute repealed as completely as though it had never been passed as a law and never existed"). Such a result, however, would contravene our separation of powers clause. Ill. Const. 1970, art. II, § 1.

¶ 30    The power to enact laws, and the concomitant power to repeal those laws, reside in the General Assembly. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 334-35 (2006); *Hilberg v. Industrial Comm'n*, 380 Ill. 102, 106 (1942); 34 Ill. L. and Prac. *Statutes* §§ 3, 35 (2001). Our function is to interpret those laws, determining and giving effect to the legislature's intent. *Allegis Realty Investors*, 223 Ill. 2d at 334-35; *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378 (1997); *Droste v. Kerner*, 34 Ill. 2d 495, 504 (1966); see also *Perlstein*, 218 Ill. 2d at 471 (" 'courts have no real power to repeal or abolish a statute' " (quoting Laurence H. Tribe, American Constitutional Law § 3-3, at 28 (2d ed. 1988)); *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394 (1998) ("Courts have no legislative powers; courts may not enact or amend statutes."). Although we are obligated to declare an unconstitutional statute invalid and void (*Best*, 179 Ill. 2d at 378; *Gersch*, 135 Ill. 2d at 398), such a declaration by this court cannot, within the strictures of the separation of powers clause, repeal or otherwise render the statute nonexistent. Accordingly, when we declare a statute unconstitutional and void *ab initio*, we mean only that the statute was constitutionally infirm from the moment of its enactment and is, therefore, unenforceable. As a consequence, we will give no effect to the unconstitutional statute and instead apply the prior law to the parties before us. See, *e.g.*, *Hauschild*, 226 Ill. 2d at 88-89 (remanding for resentencing under statute as it existed prior to the adoption of the unconstitutional amendment); accord *Clemons*, 2012 IL 107821, ¶ 60. See also *Gersch*, 135 Ill. 2d at 390 ("The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment."). In short, a statute declared unconstitutional by this court " 'continues to remain on the statute books' " (*Perlstein*, 218 Ill. 2d at 471 (quoting Laurence H. Tribe, American Constitutional Law § 3-3, at 28 (2d ed. 1988)), and unless and until the constitutional violation is remedied, our decision stands as an impediment to the operation and enforcement of the statute.

¶ 31    Ordinarily, when this court declares a statute unconstitutional, or otherwise invalid, the only way in which the legislature may remedy the statute's infirmity is by amending or reenacting *that* statute. For example, when a statute is held unconstitutional because it was adopted in violation of the single subject rule, the legislature may revive the statute by reenacting the same provision, but in a manner that does not offend the single subject rule. *People v. Ramsey*, 192 Ill. 2d 154, 157 (2000); see also *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 250 (2010) (legislature was free to reenact provisions of Public Act 94-677 deemed invalid solely on severability grounds). When a statute is found to violate the

proportionate penalties clause under the identical elements test, however, amendment or reenactment of *that* statute is not the legislature's only recourse. This is so because of the unique nature of an identical elements proportionality violation.

¶ 32    A proportionate penalties violation, under the identical elements test, occurs when "two offenses have identical elements but disparate sentences." *Hauschild*, 226 Ill. 2d at 85; see also *Sharpe*, 216 Ill. 2d at 503-05 (discussing the origin of identical elements proportionality review). Thus, unlike other constitutional violations which are based on the manner in which a single statute operates, an identical elements proportionality violation arises out of the relationship between two statutes—the challenged statute, and the comparison statute with which the challenged statute is out of proportion. *E.g.*, *People v. Christy*, 139 Ill. 2d 172, 177 (1990) (comparing armed violence predicated on kidnapping with a category I weapon and aggravated kidnapping); *Lewis*, 175 Ill. 2d at 414 (comparing armed violence predicated on robbery committed with a category I weapon and armed robbery); *Hauschild*, 226 Ill. 2d at 85-86 (comparing armed robbery while armed with a firearm and armed violence based on robbery with a category I or II weapon). Although only the statute with the greater penalty will be found to violate the proportionate penalties clause (*Sharpe*, 216 Ill. 2d at 504), that violation is entirely dependent upon the existence of the comparison statute, *i.e.*, the statute with identical elements but a lesser penalty. In light of this peculiar feature of an identical elements proportionality violation, the legislature has more options available to it should it wish to remedy the constitutional violation and revive the statute. The legislature may amend the challenged statute held unconstitutional, amend the comparison statute, or amend both statutes.

¶ 33    Defendant argues, however, that under our decision in *Manuel*, the legislature may not revive an unconstitutional statute through amendment of a different statute. *Manuel* does not stand for such a broad proposition of law. In *Manuel*, we rejected the State's argument that an amendment to certain sections of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1979, ch. 56½, ¶ 1401(e), (f)) could revive a different section of that act which "this court *subsequently* holds unconstitutional." (Emphasis added.) *Manuel*, 94 Ill. 2d at 244. In other words, the legislature could not have intended revival of a statute which had not yet been declared unconstitutional. See *Malone*, 2012 IL App (1st) 110517, ¶ 88. In contrast to the sequence of events in *Manuel*, Public Act 95-688 was enacted after, not before, this court declared the armed robbery sentencing enhancement unconstitutional.

¶ 34    To the extent that *Manuel* could be read as holding that revival of a statute cannot be effected through amendment of a different statute, *Hauschild* effectively overruled *Manuel*. As discussed above, *Hauschild* considered the effect of Public Act 91-404 on the offense of armed violence predicated on robbery, which *Lewis* held violated the proportionate penalties clause when compared to armed robbery. *Hauschild*, 226 Ill. 2d at 84. *Hauschild* held that Public Act 91-404 revived that armed violence offense "when it amended the sentence for certain armed robberies." *Id.* Thus, *Hauschild* recognized that a statute held unconstitutional under the identical elements test for proportionality could be revived through amendment of the comparison statute. Although defendant here notes that Public Act 91-404 also amended the armed violence statute, that fact was immaterial to our analysis in *Hauschild* and was not a basis of our holding in that case. Moreover, the amendments made to the armed violence

-8-

statute in Public Act 91-404 did not help cure the proportionality violation identified in *Lewis*.

¶ 35 The issue we address in the present case is analogous to the issue addressed in *Hauschild*, and we necessarily reach a similar result. Just as Public Act 91-404 revived the offense of armed violence based on robbery by amending the armed robbery statute, we now hold that Public Act 95-688 revived the sentencing enhancement in the armed robbery statute by amending the armed violence statute. In this case, as in *Hauschild*, the legislature revived the unconstitutional statute by curing the proportionality violation through amendment of the comparison statute. Appellate court cases which hold to the contrary are overruled.

¶ 36 We recognize that the legislature could have signaled its intent to revive the armed robbery sentencing enhancement by amending the armed violence statute and simultaneously reenacting the armed robbery sentencing provision. As already discussed, however, reenactment of the armed robbery sentencing provision was not required as a matter of law because *Hauschild* did not render the sentencing enhancement nonexistent; it rendered the sentencing enhancement unenforceable.

¶ 37 Furthermore, the legislature's intent to revive the sentencing enhancement is plain enough, even in the absence of reenactment of that provision. As our case law illustrates, this court has had an ongoing dialogue with the legislature concerning the constitutionality of various statutes increasing the penalties for certain felonies when the offender possesses or uses a firearm during the commission of the offense. See *Sharpe*, 216 Ill. 2d at 490-523 (discussing the history of our proportionate penalties clause jurisprudence). Public Act 95-688 was simply the latest reaction to a declaration from this court concerning the constitutionality of one of these statutes. Enacted within a few months of *Hauschild*, Public Act 95-688 not only remedied the proportionate penalties violation identified in *Hauschild*, it did so in a manner that tracked our analysis in *Hauschild*. We indicated in *Hauschild* that although the legislature had previously excluded armed robbery as a predicate felony for armed violence, it had not excluded robbery, and, therefore, we could proceed with an identical elements analysis. *Hauschild*, 226 Ill. 2d at 85. Public Act 95-688 amended the armed violence statute so that robbery can no longer serve as a predicate offense for armed violence.

¶ 38 Although discerning legislative intent can sometimes be a "thorny task" (*O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 441 (2008)), the legislature's intent when it enacted Public Act 95-688 is clear. To the extent any residual doubt exists, it is erased through examination of the legislative history of Public Act 95-688. See 95th Ill. Gen. Assem., Senate Proceedings, July 26, 2007, at 8 (statements of Senator Cullerton) (stating that the bill underlying Public Act 95-688 addresses an Illinois Supreme Court decision that held the legislature violated the proportionate penalties clause and that the bill "corrects that").

¶ 39                                              CONCLUSION

¶ 40 For the reasons stated, the trial court properly sentenced defendant to an enhanced term pursuant to section 18-2(b) of the armed robbery statute. Accordingly, we reverse the

judgment of the appellate court, and affirm the judgment of the circuit court.

¶ 41        Appellate court judgment reversed.

¶ 42        Circuit court judgment affirmed.