# Illinois Official Reports

## Supreme Court

*People v. Taylor*, 2015 IL 117267

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHNNY TAYLOR, Appellant. |
| Docket No. | 117267 |
| Filed | January 23, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a plea of guilty to armed robbery with a firearm was entered pursuant to a negotiated agreement, and sentence was imposed under a firearm enhancement provision later held invalid as unconstitutionally disproportionate, the cause was remanded for the sentence to be reconfigured as a whole so as to both meet the statutory guidelines as they existed prior to enactment of the invalid enhancement provision and also to meet the expectations of the parties to the original plea agreement. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Macoupin County, the Hon. Kenneth R. Deihl, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Paul Alexander Rogers, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Garson S. Fischer, Assistant Attorneys General, of Chicago, of counsel), for the People.

Justices

CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.
Justices Freeman, Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1       Defendant was charged with two counts of armed robbery while in possession of a firearm, one count of evading arrest, and one count of reckless driving. He pled guilty to one count of armed robbery while in possession of a firearm in exchange for the State's agreement to dismiss the other charges and to recommend a maximum sentence of 30 years. The circuit court sentenced defendant to 24 years in prison, including a statutorily mandated 15-year sentencing enhancement for possession of the firearm. 720 ILCS 5/18-2(a)(2), (b) (West 2004). Defendant moved to withdraw his guilty plea. The circuit court denied his motion and the appellate court affirmed.

¶ 2       In 2011, defendant filed a postconviction petition, which the circuit court of Macoupin County dismissed. On appeal, defendant challenged his sentence as unconstitutional. The appellate court, following this court's decision in *People v. Hauschild*, 226 Ill. 2d 63 (2007), found the 15-year sentencing enhancement to be a violation of the proportionate penalties clause. *People v. Taylor*, 2012 IL App (4th) 110633-U, ¶ 15. The appellate court reversed the dismissal of the postconviction petition and remanded the case to the circuit court. *Id.* ¶ 23. The State petitioned this court for leave to appeal. We denied the petition but issued a supervisory order instructing the appellate court to vacate its decision and reconsider the validity of the sentence in light of two more recent decisions, *People v. Blair*, 2013 IL 114122, and *People v. Donelson*, 2013 IL 113603. People v. Taylor, No. 115416 (Ill. May 29, 2013) (supervisory order). The appellate court vacated its decision and upheld the sentence, finding the enhancement constitutional under *Blair*. 2013 IL App (4th) 110633-UB, ¶ 7. We allowed defendant's petition for leave to appeal, pursuant to Illinois Supreme Court Rule 315 (eff. July 1, 2013). For the following reasons, we reverse the appellate court's determination that

the sentence was constitutional and remand to the circuit court for resentencing in accordance with the statute.

¶ 3                                           BACKGROUND

¶ 4        At the sentencing hearing, Louis Nowell, manager of a fast-food restaurant, testified that on August 4, 2005, a woman entered his restaurant with a "skully cap" over her face, pointed a gun at him, and demanded cash. Nowell acquiesced and the woman exited the restaurant with $366. Nowell telephoned the police and watched as the woman entered a vehicle driven by defendant. Nowell then identified the vehicle to the police, who began to follow the vehicle. According to police officer Ryan Ray, who also testified, defendant refused to stop the vehicle when approached by police, and a chase ensued. At multiple points during the chase, the woman shot at the police car, and defendant drove through police blockades. Eventually, defendant lost control of the vehicle and crashed in a wooded area. Both the woman and defendant were arrested.

¶ 5        Defendant was charged by information with two counts of armed robbery on a theory of accountability, one count of evading arrest, and one count of reckless driving. After discovery was completed and the woman convicted and sentenced to 26 years in prison, defendant entered a negotiated plea agreement with the State's Attorney. He pled guilty to one count of armed robbery with a firearm. In exchange, the State agreed to dismiss the remaining charges and recommend a sentence not longer than 30 years.

¶ 6        Armed robbery is classified as a Class X felony subject to a 15-year sentencing enhancement if the defendant committed the crime while in possession of a firearm. 720 ILCS 5/18-2(a)(2), (b) (West 2004). A Class X felony conviction carries a statutory sentence of 6 to 30 years in prison. 730 ILCS 5/5-8-1(a)(3) (West 2004). At the sentencing hearing, the parties debated whether the sentencing enhancement applied when a defendant was charged under a theory of accountability. After hearing from the parties and reviewing the plea agreement with defendant, the circuit court sentenced defendant to 24 years in prison, including the 15-year enhancement.

¶ 7        Defendant filed a posttrial motion to withdraw his plea, which was denied. The appellate court affirmed. In 2011, defendant filed a *pro se* postconviction petition pursuant to section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2010)), which was also dismissed. On appeal, the court appointed the Office of the State Appellate Defender to represent defendant. In his amended brief, defendant for the first time argued that the 15-year enhancement violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and sought to vacate his guilty plea on this basis. In 2007, this court found that the 15-year sentencing enhancement did violate the proportionate penalties clause. *People v. Hauschild*, 226 Ill. 2d 63 (2007). In light of this decision, the appellate court found defendant's sentence void and remanded the case to the circuit court with instructions to allow defendant to withdraw his plea. *Taylor*, 2012 IL App (4th) 110633-U, ¶ 23.

¶ 8        The State petitioned this court for leave to appeal. We denied the State's petition but issued a supervisory order directing the appellate court to vacate its decision and reconsider the sentence in light of two more recent decisions, *People v. Blair*, 2013 IL 114122, and *People v. Donelson*, 2013 IL 113603. People v. Taylor, No. 115416 (Ill. May 29, 2013) (supervisory order). In *Blair*, we concluded that Public Act 95-688, enacted shortly after our decision in

*Hauschild*, corrected the proportionate penalties clause violation and rendered the 15-year enhancement constitutional. *Blair*, 2013 IL 114122, ¶ 27. The appellate court applied the *Blair* conclusion retroactively, held that the enhancement as applied to defendant was constitutional and valid, thus affirming the circuit court's 24-year sentence. 2013 IL App (4th) 110633-UB, ¶ 24. In *Donelson*, we held that when a sentence fails to meet the statutory requirements, the court should restructure the sentence so that it meets those requirements as well as the expectations of the parties to a plea bargain. *Donelson*, 2013 IL 113603, ¶ 29. The appellate court found *Donelson* to be irrelevant. 2013 IL App (4th) 110633-UB, ¶ 8. We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 9                                                    ANALYSIS

¶ 10      On appeal to this court, defendant argues that the appellate court erred in concluding that Public Act 95-688 retroactively rendered the sentencing enhancement constitutional. The State now concedes that the sentencing enhancement was unconstitutional as applied to defendant, as Public Act 95-688 did not correct the proportionate penalties clause violation until 2007, two years after defendant committed the crime. On this basis defendant argues that this court ought to allow him to withdraw his guilty plea, reduce his sentence by 15 years, or cap the sentence on remand at 24 years. However, defendant abandoned his request to withdraw the guilty plea in his reply brief to this court. The State argues this court should remand to the circuit court for resentencing subject to the statutory sentencing range, 6 to 30 years.

¶ 11      We first review whether the sentence violates the proportionate penalties clause and is thus void, then turn to the question of remedy. Whether a sentence is constitutional and whether a sentence is void are questions of law, which we review *de novo*. *Hauschild*, 226 Ill. 2d at 72; *People v. Sharpe*, 216 Ill. 2d 481, 486-87 (2005).

¶ 12                    Constitutionality of the 15-Year Sentencing Enhancement

¶ 13      Defendant was sentenced under section 18-2 of the Criminal Code of 1961, which provides that armed robbery committed while the perpetrator "carries on or about his or her person or is otherwise armed with a firearm" is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. 720 ILCS 5/18-2(a)(2), (b) (West 2004). Defendant concedes that the enhancement applies to defendants convicted under a theory of accountability. See *People v. Rodriguez*, 229 Ill. 2d 285, 294 (2008).

¶ 14      In *People v. Hauschild*, we found that this sentencing structure violated the proportionate penalties clause of the Illinois Constitution. *Hauschild*, 226 Ill. 2d at 86-87. The proportionate penalties clause requires that "[a]ll penalties *** be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. " 'The identical elements test is an appropriate form of proportionality review.' " *Hauschild*, 226 Ill. 2d at 83 (quoting *People v. Harvey*, 366 Ill. App. 3d 119, 133 (2006)). Under this test, a proportionate penalties violation occurs when "two offenses have identical elements but disparate sentences." *Id.* at 85. "[T]he statute with the greater penalty will be found to violate the proportionate penalties clause." *Blair*, 2013 IL 114122, ¶ 32 (citing *Sharpe*, 216 Ill. 2d at 504).

¶ 15    At the time defendant committed the crime, armed robbery while in possession of a firearm and armed violence predicated on robbery with a dangerous weapon[1] shared identical elements, but the sentencing range for armed robbery was 21 to 45 years with the 15-year enhancement, while the sentencing range for armed violence predicated on robbery with a dangerous weapon was 15 to 30 years. 720 ILCS 5/18-2(a)(2), (b), 33A-2(a) (West 2004). Thus, the enhanced sentence for armed robbery with a firearm violated the proportionate penalties clause. A sentence based on a statute that violates the proportionate penalties clause is facially unconstitutional and thus void *ab initio*. *People v. Guevara*, 216 Ill. 2d 533, 542 (2005); *Blair*, 2013 IL 114122, ¶ 28.

¶ 16    Because a violation of the proportionate penalties clause arises out of the relationship between two statutes, the legislature can remedy the violation by "amend[ing] the challenged statute held unconstitutional, amend[ing] the comparison statute, or amend[ing] both statutes." *Id.* ¶ 32. As we recognized in *Blair* and *Clemons*, the legislature corrected the violation that rendered the armed robbery sentencing unconstitutional by amending the comparison statute. *Id.* ¶ 37; *People v. Clemons*, 2012 IL 107821, ¶ 17. Public Act 95-688, enacted shortly after our decision in *Hauschild*, amended the armed violence statute so that robbery can no longer serve as a predicate offense for armed violence. Pub. Act 95-688 (eff. Oct. 23, 2007) (amending 720 ILCS 5/33A-2). Therefore, the two crimes no longer share identical elements, and neither violates the proportionate penalties clause. *Blair*, 2013 IL 114122, ¶ 21.

¶ 17    However, we find no basis on which we should apply the effect of Public Act 95-688 retroactively. " '[T]he General Assembly can pass legislation to prospectively change a judicial construction of a statute if it believes that the judicial interpretation was at odds with legislative intent, [but] it cannot effect a change in that construction by a later declaration of what it had originally intended.' " *Clemons*, 2012 IL 107821, ¶ 18 (quoting *People v. Nitz*, 173 Ill. 2d 151, 163 (1996), *overruled on other grounds by People v. Mitchell*, 189 Ill. 2d 312, 329 (2000)). Therefore *Hauschild* remains the legal interpretation of the armed robbery statute prior to the passage of Public Act 95-688. *Id.* ¶ 19. Because defendant committed the crime and was sentenced prior to the enactment of Public Act 95-688, the sentencing enhancement was disproportionate when applied and the sentence is facially unconstitutional and void *ab initio*. *Guevara*, 216 Ill. 2d at 542. In light of this conclusion, we are left to determine an appropriate remedy.

¶ 18                                   Proper Remedy

¶ 19    Because defendant's enhanced sentence is unconstitutional, the matter shall be remanded to the circuit court for resentencing in accordance with the statute as it existed prior to the adoption of the sentencing enhancement. *Hauschild*, 226 Ill. 2d at 88; *Clemons*, 2012 IL 107821, ¶¶ 56-60.

¶ 20    Initially, defendant sought to withdraw his guilty plea in light of the void enhancement. He has since abandoned that argument, conceding that withdrawal of the plea would be

---

[1]"A person is considered armed with a dangerous weapon for [these] purposes *** when he or she carries on or about his or her person or is otherwise armed with a Category I, Category II, or Category III weapon." 720 ILCS 5/33A-1(c)(1) (West 2004). Categories I and II include firearms. 720 ILCS 5/33A-1(c)(2) (West 2004).

- 5 -

inappropriate. Therefore, we will not examine the merits of defendant's abandoned request to withdraw his plea.

¶ 21 Defendant now argues that this court ought to vacate that portion of the sentence attributable to the unconstitutional sentencing enhancement, in effect reducing his sentence by 15 years to 9 years. First, we see no reason to consider defendant's sentence as two separate pieces. In urging the court to do so, defendant relies on the circuit court judge's statement that he was sentencing defendant "for a definite term of nine years plus fifteen years enhanced sentence because of possession of a weapon, for a total of twenty four years." However, the judge appears to have reached his conclusion after reflecting upon defendant's prior convictions and comparing the total sentences given to defendant and to his accomplice. Therefore, we consider the sentence as a whole.

¶ 22 Second, although this court may reduce a sentence on appeal (Ill. S. Ct. R. 615), this case does not present a situation in which doing so would be appropriate. In *People v. Stacey*, the defendant approached two schoolgirls on the sidewalk and "grabbed [their] breast[s] for a few seconds." *People v. Stacey*, 193 Ill. 2d 203, 206 (2000). The defendant was convicted of aggravated criminal sexual abuse and criminal sexual abuse. *Id.* at 206-07. He was sentenced to two consecutive 25-year prison sentences. *Id.* at 208. On appeal, this court concluded that, though the defendant's acts were reprehensible, the sentences were "manifestly disproportionate" to the crime committed and the trial court had abused its discretion. *Id.* at 210. This court reduced the sentences accordingly. *Id.* at 211. See also *People v. Williams*, 196 Ill. App. 3d 851 (1990) (finding defendants' sentences excessive in light of their ages and lack of prior convictions and reducing defendants' sentences); *People v. Anderson*, 142 Ill. App. 3d 240 (1985) (finding the trial court's application of the extended-term statute to be excessive in light of defendants' youth and lack of prior criminal records and reducing the sentences); *People v. Williams*, 62 Ill. App. 3d 966 (1978) (finding defendant's sentence excessive in light of his age and environment and reducing the sentence).

¶ 23 These cases are distinguishable from the situation at hand. Here, the circuit court's sentence of 24 years is not manifestly disproportionate to the crime committed. Defendant was convicted of armed robbery, which is punishable by 6 to 30 years. Twenty-four years clearly falls within the sentencing range, the circuit court considered various aggravating and mitigating factors in reaching its sentencing decision, and the sentence was within the range for which defendant bargained. Defendant has not argued that his sentence is excessive in light of the crime committed. Thus, we have no evidence that the trial court abused its discretion in imposing a 24-year sentence and it would not be appropriate for this court to reduce that sentence.

¶ 24 Finally, reducing defendant's sentence by 15 years would deprive the State of the benefit of its bargain. We have repeatedly stated that the plea bargaining process and negotiated plea agreements are important components of our criminal justice system. *Donelson*, 2013 IL 113603, ¶ 19. At the time of the negotiation, the State was under the reasonable belief that the sentencing enhancement would apply. Knowing the statutory minimum for armed robbery was 6 years, plus the 15-year enhancement, led the State to reasonably believe that the minimum sentence defendant could receive was 21 years—substantially more than 9 years.

¶ 25 We find it more appropriate to reconfigure the sentence to meet the parties' expectations, if such can be done while satisfying the applicable sentencing rules. In *Donelson*, the parties

agreed that the defendant would plead guilty and receive prison sentences of 55, 30, and 30 years to be served concurrently. *Id.* ¶ 4. On appeal from denial of a postconviction petition, the defendant argued that the concurrent sentencing rendered his sentence void, as the statute mandated consecutive sentencing. *Id.* ¶ 13. On this basis, the defendant sought to withdraw his guilty plea. *Id.* We agreed that the sentencing structure violated the statute, but turned to principles of contract law for a remedy. *Id.* ¶¶ 15, 18-20.

¶ 26    A mutual mistake on the part of contracting parties may be rectified by reforming the contract when the parties are in actual agreement and their true intent may be discerned. *Id*. ¶ 20 (citing *Czarobski v. Lata*, 227 Ill. 2d 364, 371-72 (2008), and *Wheeler-Dealer, Ltd. v. Christ*, 379 Ill. App. 3d 864, 869 (2008)). Since the parties both agreed to the plea on the mistaken belief that the sentences could run concurrently and their intent was that the defendant would serve no more than 55 years, we found it appropriate to adjust the terms of the sentences to meet this expectation, rather than allow the defendant to withdraw his plea. See *id*. ¶ 28. We remanded the case to the circuit court with directions to resentence the defendant in accordance with the plea agreement and applicable statutes. *Id*. ¶ 29.

¶ 27    Similarly, the parties in the present case agreed that defendant would not serve more than 30 total years in prison. Under the applicable statute, defendant is subject to a prison sentence between 6 and 30 years for committing armed robbery. 720 ILCS 5/18-2(b) (West 2004); 730 ILCS 5/5-8-1(a)(3) (West 2004). Sentencing defendant to a term within this range provides both parties with the benefit of their bargain.

¶ 28    Defendant argues that this resolution would deny him the benefit of his bargain on grounds that capping his potential sentence at 30 years was an illusory benefit in light of the enhancement having been found unconstitutional. This argument ignores the reality that defendant could have been sentenced to more than 30 years even if the sentencing enhancement had never been considered. At the sentencing hearing, defendant testified that he had been convicted of armed violence in Missouri in 1995 and was in prison for that conviction until 2001. The Criminal Code of 1961 provides that the court may impose an extended term, up to 60 years, upon a Class X offender who has been convicted of another Class X felony within the past ten years. 730 ILCS 5/5-5-3.2(b)(1), 5-8-2(a) (West 2004). Defendant concedes that the prior conviction would be considered a Class X felony in Illinois and that, on this basis, he could have been subject to a sentence of 60 years. Therefore, the agreement to cap the sentence at 30 years provided an actual benefit to defendant, regardless of the applicability of the sentencing enhancement. For these reasons, we refuse defendant's request to reduce his sentence by 15 years. As the circuit court is in a far better position to weigh the various factors considered in sentencing, we remand the cause to the circuit court for resentencing in accordance with the statute and with the parties' expectations.

¶ 29    Defendant alternatively argues that the court must cap the sentence at 24 years upon rehearing. He contends that the imposition of a harsher punishment upon resentencing is prohibited by statute and that such would violate his procedural due process rights. Section 5-5-4 of the Unified Code of Corrections provides: "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the

original sentencing." 730 ILCS 5/5-5-4(a) (West 2004). However, this provision does not apply when, as here, the original sentence was void. *People v. Garcia*, 179 Ill. 2d 55, 73 (1997).

¶ 30       In *North Carolina v. Pearce*, the United States Supreme Court considered whether a more severe punishment could be imposed on retrial after a defendant successfully challenged his conviction. *North Carolina v. Pearce*, 395 U.S. 711 (1969). Respondents Pearce and Rice were convicted by a jury and pled guilty, respectively, then successfully had their convictions reversed on the basis of procedural errors that resulted in constitutional violations. *Id.* at 713-15. At retrial, both respondents received punishments more severe than their original sentences. *Id.* The cases were consolidated on appeal to the Supreme Court. The Court held that increased sentences at a retrial do not violate the double jeopardy provision or equal protection clause, but that there is a presumption that increased sentences serve as a punishment imposed for challenging a conviction or sentence. *Id.* at 723, 724-26. Such punishment violates defendants' due process rights. *Id.* at 723-25. In order to ensure due process, the Court imposed the following requirement:

> "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 726.

¶ 31       Decisions following *Pearce* have limited the decision's scope. "*Pearce*'s prophylactic rule has been limited in its application to circumstances in which there is a reasonable likelihood that an increase in sentence is the product of actual judicial vindictiveness. [Citation.] 'Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.' " *Garcia*, 179 Ill. 2d at 74-75 (quoting in part *Alabama v. Smith*, 490 U.S. 794, 799-80 (1989)). "[C]orrection of a void sentence *** fails to present circumstances in which there is a reasonable likelihood that a sentence imposed on remand will be the product of judicial vindictiveness against a defendant." *Id.* at 75.

¶ 32       We need not reach a conclusion at this time on whether a sentence greater than 24 years would violate these principles. Defendant raised these arguments for the first time in his reply brief. In his original brief, defendant did not address the possibility that this court would remand the cause for resentencing in accordance with the statute as was done in previous cases. Instead, defendant addressed only his arguments that he should be permitted to withdraw his guilty plea or that his sentence should be reduced by 15 years. In fact, in his original brief defendant argued that maintaining a 24-year sentence would deprive him of the benefit of his bargain. Arguments not raised in an appellant's original brief are "waived and shall not be raised [for the first time] in the reply brief [or] in oral argument." Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). "The reply brief *** shall be confined strictly to replying to arguments presented in the brief of the appellee ***." Ill. S. Ct. R. 341(j) (eff. Feb. 6, 2013).

¶ 33       Furthermore, we find that imposing a sentence cap at 24 years would, at this time and by this court, be premature, as it is impossible to know if the circuit court will impose a sentence longer than 24 years. Additionally, there is no indication that a sentence exceeding 24 years

would necessarily be a product of vindictiveness. The potential maximum sentence on rehearing under the statute is 30 years, which is also the maximum to which the parties expressly agreed. On the other hand, defendant, not the prosecutor or the court, challenged the sentence in this case as unconstitutional. See *Garcia*, 179 Ill. 2d at 75. However, unless and until the circuit court sentences defendant to a prison term greater than 24 years, consideration of these factors by this court is unnecessary.

¶ 34    Therefore, we remand to the circuit court for resentencing in accordance with the statutory sentencing range, 6 to 30 years, with instructions that the circuit court affirmatively state its legitimate reasons for granting a more severe sentence if it finds such increase to be necessary.

¶ 35                                                    CONCLUSION

¶ 36    Defendant's 24-year sentence, including the 15-year sentencing enhancement is void, as it violates the proportionate penalties clause. Public Act 95-688 does not retroactively correct the proportionate penalties violation. Therefore, the judgments of the circuit court and of the appellate court are reversed. The cause is remanded to the circuit court with directions for resentencing defendant in accordance with the plea agreement and with the applicable statutes, without the sentencing enhancement.

¶ 37    Reversed and remanded with directions.