# Illinois Official Reports

## Supreme Court

***People v. Williams*, 2015 IL 117470**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JUAN WILLIAMS, Appellee. |
| Docket No. | 117470 |
| Filed | November 19, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, the Hon. Matthew E. Coghlan, Judge, presiding. |
| Judgment | Circuit court judgment reversed. Cause remanded with directions. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |
| | Amy P. Campanelli, Public Defender, of Chicago (Lester Finkle and Sophia J. Atcherson, Assistant Public Defenders, of counsel), for appellee. |
| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1   In this appeal, we review the circuit court's order declaring certain sections of the aggravated unlawful use of a weapon (AUUW) statute (720 ILCS 5/24-1.6 (West 2012)) unconstitutional. The circuit court of Cook County found that sections 24-1.6(a)(1), (a)(3)(C) and (a)(2), (a)(3)(C) of the AUUW statute, which were based on defendant's lack of a Firearm Owner's Identification Card (FOID card), violated the proportionate penalties clause of the Illinois Constitution. The court determined that the offense of AUUW based on the lack of a FOID card was identical to a violation of the Firearm Owners Identification Card Act (FOID Card Act) (430 ILCS 65/2(a)(1) (West 2012)), and since the penalties for violating the two statutes were different, the court declared the AUUW statute unconstitutional and dismissed the charges against defendant. Pursuant to Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013), the State's appeal comes directly to this court. For the following reasons, we reverse the judgment of the circuit court and remand the cause for further proceedings.

¶ 2                                                   BACKGROUND

¶ 3   In April 2013, defendant was arrested for possessing a firearm while in an automobile on a public street in Chicago. At that time, he did not have a currently valid FOID card.[1] Defendant was charged by information with six counts of AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (a)(1), (a)(3)(C) (West 2012); 720 ILCS 5/24-1.6(a)(2), (a)(3)(A), (a)(2), (a)(3)(C) (West 2012)). Subsequently, as a result of our opinion in *People v. Aguilar*, 2013 IL 112116, the State nol-prossed the counts that were based on sections 24-1.6(a)(1), (a)(3)(A) and (a)(2), (a)(3)(A) of the AUUW statute. The counts that remained were based on defendant's lack of a FOID card, pursuant to sections 24-1.6(a)(1), (a)(3)(C) and (a)(2), (a)(3)(C) of the AUUW statute.

¶ 4   Defendant subsequently filed a motion entitled "Motion To Declare The Sentencing Penalties Under 720 ILCS 5/24-1.6 Unconstitutional As To This Defendant." In the motion, defendant argued that the elements of the AUUW statute based on the lack of a FOID card (720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (a)(2), (a)(3)(C) (West 2012)) were the same as a violation of the FOID Card Act (430 ILCS 65/2(a)(1) (West 2012)), but because the statutes had disparate sentencing penalties, those sections of the AUUW statute were unconstitutional.

¶ 5   The circuit court granted defendant's motion finding that the sentencing scheme for AUUW based on the lack of a FOID card violated the proportionate penalties clause of the Illinois Constitution. The court determined that the elements of the offense of AUUW and a violation of the FOID Card Act were identical, but since AUUW was punishable as a Class 4 felony and the FOID Card Act as a Class A misdemeanor, their penalties were disproportionate and the AUUW statute was unconstitutional. In reaching its determination, the court interpreted our decision in *Aguilar* as eliminating the distinction between possessing a firearm on the street or in a vehicle and possessing a firearm in one's home. The

_____

[1]There is no evidence in the record that defendant was not otherwise eligible to obtain a FOID card prior to his arrest.

court seemed to base its understanding on a statement in *Aguilar* that referred to the Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), that the second amendment's right to keep and bear arms extends beyond the home. See *Aguilar*, 2013 IL 112116, ¶¶ 19-20. The court further determined that the AUUW statute was unconstitutional as applied to defendant, as well as facially. Lastly, the court concluded that the appropriate remedy was to dismiss the charges against defendant. The State's direct appeal to this court followed.

¶ 6                                   ANALYSIS

¶ 7    On appeal, the State contends that the applicable elements of the offense of AUUW and a violation of the FOID Card Act are not identical so there can be no proportionate penalties violation. Defendant, on the other hand, argues that "the statutes are the same, albeit couched in different words," and urges this court to uphold the circuit court's determination and find a proportionate penalties violation.

¶ 8    A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. *People v. Graves*, 207 Ill. 2d 478, 482 (2003). Whether a statute is constitutional is a question of law that we review *de novo*. *Id*.

¶ 9    A proportionality challenge derives from article I, section 11, of the Illinois Constitution of 1970. Section 11, which is commonly referred to as the proportionate penalties clause, provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. A defendant can raise a proportionate penalties challenge on the basis that the penalty for a particular offense is too severe under the "cruel or degrading" standard or that the penalty is harsher than the penalty for a different offense that contains identical elements. *People v. Sharpe*, 216 Ill. 2d 481, 521 (2005). The latter challenge, which is at issue here, is evaluated using the identical elements test. *Graves*, 207 Ill. 2d at 482. The identical elements test considers whether offenses with identical elements are given different sentences. *Id.*

¶ 10    The identical elements test was first used in *People v. Christy*, 139 Ill. 2d 172, 181 (1990). In *Christy*, we held that when different offenses contain identical elements, "common sense and sound logic would seemingly dictate that their penalties be identical." *Id.* Since the offenses in *Christy* had identical elements but different sentences, we held that the penalties were unconstitutionally disproportionate and the offense with the greater penalty could not stand. *Id*. We have repeatedly reaffirmed these principles and application of the identical elements test. See *People v. Lewis*, 175 Ill. 2d 412, 422 (1996); *Sharpe*, 216 Ill. 2d at 521-22; *People v. Clemons*, 2012 IL 107821, ¶ 53.

¶ 11    Here, we first compare sections 24-1.6(a)(1), (a)(3)(C) and (a)(2), (a)(3)(C) of the AUUW statute with section 2(a)(1) of the FOID Card Act to determine whether the two statutes have identical elements.

¶ 12    Section 24-1.6 of the AUUW statute provides:

    "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

        (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal

dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm[2]; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm[3]; and

(3) One of the following factors is present:

* * *

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card[.]" 720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (a)(2), (a)(3)(C) (West 2012).

¶ 13    Section 2(a)(1) of the FOID Card Act provides:

"(a)(1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act." 430 ILCS 65/2(a)(1) (West 2012).

¶ 14    A person violates section 2(a)(1) of the FOID Card Act by acquiring or possessing a firearm without also having in his possession a FOID card. A person violates section 24-1.6(a)(1), (a)(3)(C) of the AUUW statute by knowingly carrying on his person or in any vehicle, outside the home, a firearm without having been issued a valid FOID Card. A person violates section 24-1.6(a)(2), (a)(3)(C) of the AUUW statute by knowingly carrying or possessing on his person, upon any public way, a firearm without having been issued a valid FOID card. Both sections 24-1.6(a)(1) and (a)(2) of the AUUW statute include a location element that the FOID Card Act does not. Section 24-1.6(a)(1) requires proof that a person possessed the firearm outside his home. Section 24-1.6(a)(2) requires proof that a person possessed the firearm upon any public way. This additional location element in the AUUW statute must be proven to establish the offense of AUUW. As noted above, the FOID Card Act does not have a location requirement. A person who acquires or possesses a firearm without also possessing a valid FOID card violates the FOID Card Act regardless of his location. A violation of the FOID Card Act can occur in one's home; however, such conduct would not be a violation of AUUW. Because AUUW has this additional location element, we find that the offense of AUUW and a violation of the FOID Card Act are not identical. Although the State points to additional differences between the two statutes, we need not

---

[2]As this court has previously stated, for purposes of simplicity, hereafter, the language of section 24-1.6(a)(1) of the AUUW statute will be summarized as " 'carrying on his person or in any vehicle, outside the home, a firearm.' " *People v. Mosley*, 2015 IL 115872, ¶ 3 n.1.

[3]Similarly, the language of section 24-1.6(a)(2) of the AUUW statute will be summarized as " 'carrying or possessing on his person, upon any public way, a firearm.' " *Id.* ¶ 3 n.2.

address these in light of our conclusion here. Having determined that the offense of AUUW and a violation of the FOID Card Act are not identical, there can be no proportionate penalty violation.

¶ 15 We recognize that the circuit court did not have the benefit of our opinion in *People v. Mosley*, 2015 IL 115872, when it determined that the two statutes were identical. Specifically, *Mosley* clarified that subsection (a)(3)(C) of the AUUW statute was severable from the subsection found unconstitutional in *Aguilar* and that subsection (a)(3)(C) was constitutional. *Id.* ¶ 31. Thus, it is clear that the location element in sections 24-1.6(a)(1) and (a)(2) of the AUUW statute is constitutional and enforceable when combined with subsection (a)(3)(C) of the AUUW statute. *Id.* ¶ 61. Defendant ignores these relevant parts of *Mosley*, instead focusing on the sentencing provision in subsection (d)(2) of the AUUW statute. Subsection (d)(2) has no bearing on subsections 24-1.6(a)(1), (a)(2) and (a)(3)(C) of the AUUW statute or whether those elements of the AUUW statute are identical to a violation of the FOID Card Act.

¶ 16 Notwithstanding *Mosley*, defendant argues that *Aguilar* is still relevant here. Defendant maintains that *Aguilar* agreed with the proposition in *Moore* that "there is no constitutional difference between possessing a firearm inside one's home versus outside the home." However, defendant misconstrues our holding in *Aguilar*. Our exact language in *Aguilar* was: "[o]f course, in concluding that the second amendment protects the right to possess and use a firearm for self-defense outside the home, we are in no way saying that such a right is unlimited or is not subject to meaningful regulation." *Aguilar*, 2013 IL 112116, ¶ 21. In *Aguilar*, we held section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute facially unconstitutional. *Id.* ¶ 22. We did not address the constitutionality of any other subsection in the statute. Thus, *Aguilar* is inapplicable here.

¶ 17 Defendant's additional arguments to the contrary are not persuasive. Defendant cites to *People v. Christy*, 139 Ill. 2d 172 (1990), *People v. Lewis*, 175 Ill. 2d 412 (1996), *People v. Hauschild*, 226 Ill. 2d 63 (2007), and *People v. Clemons*, 2012 IL 107821, for support. Defendant argues that the above cases illustrate that "the issue is not whether the words of the statute are the same, but whether the elements, albeit phrased differently, are the same." However, these cases do not help defendant. They each compare a felony offense to the offense of armed violence and do not involve AUUW or the FOID Card Act, the two statutes at issue here. Defendant fails to recognize here that the location element in AUUW, which is absent from the FOID Card Act, is an additional element that must be proved to establish a violation of AUUW. This is not a situation as in the above cases where the words used in the statutes were different but they meant the same thing. Since there is no location requirement in the FOID Card Act, the two statutes cannot mean the same thing. Thus, it is clear that not only are the words in the statutes different, but the elements are as well.

¶ 18 Defendant also argues that the two statutes have identical elements because a person possessing a firearm while not possessing a valid FOID card violates both statutes. However, this is not always true. As noted above, a person can violate the FOID Card Act by possessing a firearm in his home without also having in his possession a FOID card, whereas such conduct would not violate the AUUW statute. The offense of AUUW requires proof of the additional element that a person be outside his home or on the public way.

¶ 19    Defendant further contended during oral argument that the AUUW statute was only unconstitutional as applied to him, conceding that it was not facially unconstitutional. However, a proportionate penalty analysis under the identical elements test is not a subjective determination. *Sharpe*, 216 Ill. 2d at 522. It is an objective and "logic-based test to determine whether, consistent with the plain language of our constitution, the legislature has satisfied the requirement that a penalty must be determined, in part 'according to the seriousness of the offense.' " *Clemons*, 2012 IL 107821, ¶ 45 (quoting Ill. Const. 1970, art. I, § 11). The identical elements test simply compares the elements of the two offenses to determine if the offenses are the same. This objective test does not consider the offenses as applied to an individual defendant.

¶ 20                                        CONCLUSION
¶ 21    We conclude that the offense of AUUW based on the lack of a FOID card and a violation of the FOID Card Act do not have identical elements and thus, there can be no proportionate penalty violation.
¶ 22    The judgment of the circuit court is reversed, and the cause is remanded to the circuit court with directions to reinstate the charges against defendant.

¶ 23    Circuit court judgment reversed.
¶ 24    Cause remanded with directions.