2021 IL App (1st) 180728-U

No. 1-18-0728

Order filed March 12, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 1740 |
| | ) | |
| BERNARD WILLIAMS, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm defendant's aggregate 76-year sentence for first degree murder and armed robbery where it was not an abuse of the trial court's discretion; where defendant's Eighth Amendment (U.S. Const. amend. VIII) challenge to his sentence failed because defendant was 18 years old; and where defendant's proportionate penalties violation claim was premature in the absence of an evidentiary hearing and findings of fact.

¶ 2    Following a jury trial, defendant Bernard Williams was convicted of first degree murder

and armed robbery and was sentenced to consecutive prison terms of 55 and 21 years, respectively.

On appeal, defendant contends that his *de facto* life sentence of 76 years is unconstitutional as applied to him, given that he was only 18 years old at the time of the offenses, his actions bore all the hallmarks of an underdeveloped juvenile brain, and the trial court failed to reconsider the sentence. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4      On November 22, 2010, defendant shot and killed off-duty Chicago Police Officer David Blake as he sat in his Dodge Durango in an alley along the 2900 block of West Seipp. Defendant was subsequently arrested and charged with multiple counts of first degree murder, armed robbery, vehicular invasion, and burglary. Prior to trial, defendant unsuccessfully sought to suppress his custodial statements in which he admitted to the offenses. The State subsequently proceeded to trial on three counts of first degree murder and one count of armed robbery.

¶ 5      A jury found defendant guilty of first degree murder, armed robbery, and personally discharging a firearm proximately causing Blake's death on April 25, 2017. Defendant's trial counsel filed a motion for new trial and defendant also filed a *pro se* motion for new trial raising allegations of ineffective assistance of counsel. The trial court made preliminary inquiries into defendant's allegations of ineffective assistance but found that none of the claims warranted an additional hearing or the appointment of new counsel. The trial court also denied the motion for new trial filed by defendant's trial counsel.

¶ 6      At the sentencing hearing, the State presented a victim impact statement and additional testimony in aggravation. The State also argued that no statutory mitigating factors applied nor did the *Miller* factors apply because defendant was 18 years old at the time of the offenses. The

State also pointed to defendant's misbehavior while in jail awaiting trial and requested a substantial sentence.

¶ 7    In mitigation, defense counsel introduced evidence that defendant earned his high school diploma while in jail.  Defense counsel also argued that defendant was "nearly a juvenile" with a supportive family, and requested, based on defendant's youth and impressionability, an "appropriate" sentence.

¶ 8    The trial court indicated that it was mindful of defendant's age at the time of the offenses and that it would consider youthfulness factors in addition to the statutory factors. In mitigation, the trial court found that defendant was 18, had no criminal history, had good family relationships, had worked, earned his diploma in jail, and had no history of drug or alcohol use.  In aggravation, the trial court noted that defendant planned the murder for several weeks, tried to recruit others to participate, lured Blake to a secluded area and shot him multiple times. The court found that defendant did not act on the spur of the moment, but in a cold and calculated manner.  Defendant was then sentenced to 30 years for murder, plus 25 years for the firearm enhancement.  Defendant was also sentenced to 21 years for armed robbery to run concurrently, for a 55-year total sentence. However, the State objected, noting that the armed robbery sentence was mandatorily consecutive, and cited the applicable statute.  The trial court acknowledged its error and indicated that the sentence would be 55 years plus 21 years, resulting in a 76-year aggregate sentence.

¶ 9    Defense counsel filed a motion to reconsider sentence, which was denied. This timely appeal followed.

¶ 10    After the notice of appeal was filed, a private attorney filed an appearance in this court on defendant's behalf.  Although counsel did not obtain the entire record, he filed a brief on

defendant's behalf. On September 26, 2018, this court, on its own motion, removed counsel from the case, struck the original brief, and appointed the State Appellate Defender to represent defendant. We now turn to the merits of this appeal.

¶ 11                                      ANALYSIS

¶ 12    On appeal, defendant contends that his *de facto* life sentence of 76 years' imprisonment is unconstitutional as applied to him. In support, defendant argues that he was only 18 years old at the time of the offenses, his actions bore all the hallmarks of an underdeveloped juvenile brain, and the trial court failed to reconsider his sentence when informed that the sentence for armed robbery had to run consecutively to the sentence for murder. Defendant cites to a number of research studies to support his contention that he received a *de facto* life sentence, including the effect of extended incarceration and the life expectancy of incarcerated persons. Defendant also cites to our supreme court's decision in *People v. Buffer*, 2019 IL 122327 and points to "rapidly developing caselaw" that applies to "emerging" adult offenders.

¶ 13    Defendant further contends that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because of his youth (U.S. Const. amend. VIII) and cites to several research studies to support his claim that emerging adults should have the same sentencing considerations. He argues that the facts demonstrate his immaturity and failure to appreciate risks and consequences.

¶ 14    Defendant makes similar arguments to support his contention that his sentence violates the Proportionate Penalties Clause found in the Illinois constitution. Ill. Const. 1970, art. I, § 11. He asserts that his *de facto* life sentence offers no incentive of restoration to useful citizenship, "shocks the moral sense of the community," and is "at odds with an emerging adult's capacity for change."

¶ 15    In response to the State's argument that this court cannot address his as-applied challenges because they were not first brought in the trial court, defendant contends that the record is sufficiently developed to address his sentencing challenges.  He argues his sentences should be vacated and the cause remanded for a new sentencing hearing.

¶ 16                                A. Excessive Sentence

¶ 17    Trial courts have broad discretion in imposing sentences and those sentencing decisions are entitled to great deference. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). The trial court is in a superior position to determine the appropriate sentence because of its opportunity to weigh the defendant's credibility, demeanor, moral character, mentality, social environment, habits, and age. *People v. Streit*, 142 Ill. 2d 13, 19 (1991). Thus, the reviewing court should not substitute its judgment simply because it would have weighed these factors differently. *People v. Stacy*, 193 Il. 2d 203, 209 (2000). Additionally, the trial court must fashion a sentence based upon the particular circumstances of the individual case, including the nature of the offense. *People v. Fern*, 189 Ill. 2d 48, 55 (2000).

¶ 18    This discretion, however, is not without limitation. *Stacy*, 193 Ill. 2d at 209. The reviewing court may alter the defendant's sentence if there is a determination that the trial court abused its discretion. *Id*. at 209-10. An abuse of discretion will be found where the sentence is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. *Id*. at 210. Moreover, the trial court must not ignore relevant mitigating factors or consider improper aggravating factors. *People v. Flores*, 404 Ill. App. 3d 155, 157 (2010).

¶ 19    Here, defendant was convicted of first degree murder and armed robbery. Generally, the sentencing range for murder is 20 to 60 years' imprisonment. 730 ILCS 5/5-4.5-20(a) (West 2016).

However, the trial court shall impose a sentence enhancement of 25 years up to a term of natural life if the defendant personally discharged a firearm that proximately caused death. 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2016). Here, the jury found that defendant personally discharged the firearm that proximately caused Officer Blake's death. Therefore, defendant faced a minimum sentence of 45 years to natural life imprisonment. Defendant was sentenced 30 years for the murder plus 25 years for the firearm enhancement, thus giving him a total sentence of 55 years' imprisonment for murder.

¶ 20 Defendant's conviction for armed robbery with a firearm is a Class X offense, for which the sentencing range is normally 6 to 30 years' imprisonment. 720 ILCS 5/18-2(b) (West 2018); 730 ILCS 5/5-8-1(a)(3) (West 2016). However, conviction under section 18-2(a) shall include a sentence enhancement of 15 years if the defendant is armed with a firearm (720 ILCS 5/18-2(b) (West 2018)), thus making the minimum sentence 21 years. Here defendant was sentenced to the minimum sentence of 21 years. Additionally, defendant was subject to mandatory consecutive terms because one of the offenses for which he was convicted was first degree murder and or a Class X felony and he inflicted severe bodily injury. 730 ILCS 5/5-8-4(d)(1) (West 2018).

¶ 21 Both of defendant's sentences were within the statutory sentencing ranges; in fact, his sentence for armed robbery was the minimum sentence he could receive under the sentencing statute. Given the serious nature of the offenses, defendant's sentences are not manifestly disproportionate.

¶ 22 Moreover, the trial court is presumed to have considered all relevant factors in fashioning a sentence and that presumption will not be overcome without explicit evidence that the trial court failed to consider mitigating factors. *Flores*, 404 Ill. App 3d at 158. There is no such explicit

evidence here. Instead, the record shows the trial court considered all evidence presented in mitigation. Additionally, the record indicates that the trial court considered the statutory youth sentencing factors as well as the *Miller* factors, even though defendant was already 18 years old when the offenses were committed. "A defendant's rehabilitative potential is not entitled to greater weight than the seriousness of the offense." *Alexander*, 239 Ill. 2d at 214, (quoting *People v. Coleman*, 166 Ill. 2d 247, 261 (1995)). The existence of mitigating factors does not mandate imposition of the minimum sentence or preclude a maximum sentence. *Flores*, 404 Ill. App 3d at 158.

¶ 23    Here, after noting the mitigating factors presented as well as considering the youth sentencing factors, the trial court explicitly found that defendant's commission of the offenses was cold and calculated. Defendant's 55-year sentence for murder was 10 years more than the minimum and his sentence for armed robbery was the minimum sentence. We find that the trial court did not abuse its discretion in sentencing defendant to an aggregate sentence of 76 years' imprisonment. We next examine defendant's as-applied constitutional challenges to his sentences.

¶ 24                    B.  As-Applied Constitutional Sentence Challenges

¶ 25     As noted previously, defendant contends that the trial court failed to adequately consider his youth, immaturity, and failure to appreciate risks and consequences of his actions. Defendant raises as-applied constitutional challenges under the Eighth Amendment (U.S. amend. VIII) and the Proportionate Penalties Clause of the Illinois constitution. Ill. Const. 1970, art. I, § 11.

¶ 26    Whether a sentence is constitutional is a question of law, which we review *de novo*. *People v. Taylor*, 2015 IL 117267, ¶ 11. "Constitutional challenges carry the heavy burden of successfully rebutting the strong judicial presumption that statutes are constitutional." (Internal quotation marks

omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23. "[A]n as-applied challenge requires a showing that the statute is unconstitutional as it applies to the specific facts and circumstances of the challenging party." *People v. Harris*, 2018 IL 121932, ¶ 38. Although our discussion of relevant precedent will encompass both constitutional provisions, we note that the proportionate penalties clause has been found to offer greater protection to defendants than the eighth amendment. *People v. Thomas*, 2017 IL App (1st) 142557, ¶ 23.

¶ 27                                    1. Eighth Amendment Challenge

¶ 28    The Eighth Amendment prohibits, inter alia, the imposition of cruel and unusual punishment, which includes excessive sanctions. *Roper v. Simmons*, 543 U.S. 551, 560 (2005). In *Miller v. Alabama*, the Supreme Court held that a sentence of "mandatory life without parole for those under the age of 18 at the time of their crimes" is a violation of this prohibition. *Miller*, 567 U.S at 465. In *People v. Holman*, 2017 IL 120655, ¶ 40, our supreme court expanded Miller protection to "discretionary sentences of life without parole for juvenile defendants." However, "claims for extending Miller to offenders 18 years of age or older have been repeatedly rejected." *Harris*, 2018 IL 121932, ¶ 61. In *Harris*, our supreme court held that "for sentencing purposes, the age of 18 marks the present line between juveniles and adults." *Id*. Since defendant in the present case was 18 years old at the time he shot and killed Officer Blake, in accordance with *Harris*, his as-applied challenge to his 76-year aggregate sentence under the Eighth Amendment fails.

¶ 29                                    2. Proportionate Penalties Challenge

¶ 30    Regarding defendant's proportionate penalties argument, as noted previously, a proportionality challenge derives from article I, section 11 of the Illinois Constitution of 1970. *People v. Williams*, 2015 IL 117470, ¶ 9.

¶ 31 Section 11, which is commonly referred to as the proportionate penalties clause, provides that " '[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' " *Williams*, 2015 IL 117470, ¶ 9, (quoting Ill. Const. 1970, art I, §110). A proportionate penalties challenge can be raised on the basis that the penalty for a particular offense is too severe under the cruel or degrading standard or that the penalty is harsher than the penalty for a different offense that contains identical elements. *Williams*, 2015 IL 117470, ¶ 9.

¶ 32 Defendant contends that his sentence violates the proportionate penalties clause because his *de facto* life sentence offers no incentive of restoration to useful citizenship, "shocks the moral sense of the community," and is "at odds with an emerging adult's capacity for change." He notes that he had no prior criminal background and strong family support. Defendant also places strong support on his youth and emerging research studies which examine the immaturity of young adult offenders and that the protections of juvenile offenders should be extended to him because he was "barely" 18.

¶ 33 Like defendant in the present case, the defendant in *Harris* failed to raise his sentencing claims in the trial court. *Harris*, 2018 IL 121932, ¶ 40. But, just as here, the defendant in *Harris* maintained that the record was sufficient to consider his claim that his mandatory 76-year sentence violated the proportionate penalties clause. *Id. at* ¶ 36. However, our supreme court found the record insufficient to address the defendant's proportionate penalties clause challenge, explaining that "[a]ll as-applied constitutional challenges are, by definition, dependent on the specific facts and circumstances of the person raising the challenge. Therefore, it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate

review." (Internal quotation marks omitted.) *Id.* at ¶ 39 (quoting *People ex rel. Hartich v. 2010 Harley-Davidson*, 2018 IL 121636, ¶ 31, quoting *People v. Thompson*, 2015 IL 118151, ¶ 37). The court in *Harris* determined that "a reviewing court is not capable of making an as-applied finding of unconstitutionality in the 'factual vacuum' created by the absence of an evidentiary hearing and findings of fact by the trial court." *Harris*, 2018 IL 121932, ¶ 41.

¶ 34   Because the defendant in *Harris* failed to raise his as-applied constitutional challenge in the trial court, the record did not contain any evidence on how the evolving science on juvenile maturity and brain development that helped develop the basis for the Supreme Court's decision in *Miller* applied to him as an adult. *Id.* at ¶ 46. Therefore, the court determined that the defendant's as-applied challenge was premature. *Id*.

¶ 35   The *Harris* court declined the defendant's request for remand to the trial court for an evidentiary hearing. *Id.* at ¶ 47. Instead, the court determined that the defendant's claim was more appropriately raised in another proceeding such as a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)) or a petition under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). *Id.* at ¶ 48. The court pointed out that the Act was designed to resolve constitutional issues, particularly those which depended upon facts not found in the record. *Id.*; see *People v. Vega*, 2018 IL App (1st), 160619 ¶¶ 57-58 (citing *Harris*, this court held in the absence of an evidentiary hearing, the defendant's proportionate penalties and eighth amendment challenges, both of which were as-applied, were premature and more appropriately raised in a postconviction petition).

¶ 36   Here, as in *Harris*, defendant failed to raise his proportionate penalties challenge to his sentence in the trial court. No evidentiary hearing was held, and no findings of facts were made by

the trial court. When a defendant claims that the evolving science discussed in *Miller* and other cases applies to young adults between 18 and 21, the trial court is the most appropriate tribunal for factual development, and it is paramount that the record be developed for this purpose. *People v. Holman*, 2017 IL 120655, ¶¶ 29-30. In accordance with *Harris* and *Vega*, we conclude that defendant's proportionate penalties claim would be more appropriately raised in proceedings under the Act or under section 2-1401 of the Code.

¶ 37    The recent decision of this court in *People v. House*, 2019 IL App (1st) 110580-B, does not require a different result. In that case, the appeal was from the dismissal of the defendant's postconviction petition. Unlike the defendant in *Harris* and defendant in the present case, in *House*, the defendant had consistently challenged his mandatory natural life sentence by a motion to reconsider sentence in the trial court, on direct appeal and in postconviction proceedings, which was the forum suggested by the supreme court in *Harris*. Therefore, his claim was not premature. *House*, 2019 IL App (1st) 110580-B, ¶ 32.

¶ 38    The present case resembles *Harris* rather than *House*, in that defendant here raised his proportionate penalties claim for the first time on direct appeal. Therefore, the appropriate forum for defendant to bring his proportionate penalties claim is under the Act or section 2-1401 of the Code.

¶ 39                              CONCLUSION

¶ 40    In sum, we find that defendant's sentence was not an abuse of the trial court's discretion; we reject defendant's eighth amendment claim; and in the absence of an evidentiary hearing and findings of fact, we find defendant's proportionate penalties violation claim is premature as it

would be more appropriately raised in a postconviction or section 2-1401 (735 ILCS 5/2-1401 (West 2020)) proceeding.

¶ 41    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 42    Affirmed.