# Illinois Official Reports

## Supreme Court

---

### *People v. Johanson*, 2024 IL 129425

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KOREM M. JOHANSON, Appellant. |
| Docket No. | 129425 |
| Filed | April 4, 2024 |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of McHenry County, the Hon. Michael E. Coppedge, Judge, presiding. |
| Judgment | Judgments affirmed. |
| Counsel on Appeal | James E. Chadd, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Anthony J. Santella, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for appellant. |
| | Kwame Raoul, Attorney General, of Springfield (Jane Elinor Notz, Solicitor General, and Katherine M. Doersch and Garson S. Fischer, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| Justices | JUSTICE O'BRIEN delivered the judgment of the court, with opinion. |
| | Chief Justice Theis and Justices Neville, Overstreet, Cunningham, and Rochford concurred in the judgment and opinion. |
| | Justice Holder White took no part in the decision. |

## OPINION

¶ 1    Following a bench trial, the circuit court of McHenry County found defendant, Korem M. Johanson, guilty of Class X felony predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)). Prior to sentencing, defendant moved to be sentenced for the less severe Class 2 felony offense of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)).[1] He argued that the greater penalty for predatory criminal sexual assault of a child violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because the two offenses contained identical elements but disparate sentences. The circuit court denied the motion and sentenced defendant to 16 years' imprisonment. Defendant raised the same argument on appeal, and the appellate court affirmed defendant's conviction and sentence. 2023 IL App (2d) 210690. We affirm.

¶ 2                                          BACKGROUND

¶ 3    The State charged defendant with six offenses. He pled guilty to one count prior to trial, which is not relevant to this appeal. Following the bench trial on the remaining five counts, the circuit court found him guilty of only one count of predatory criminal sexual assault of a child. That count alleged:

> "[D]efendant committed the offense of predatory criminal sexual assault, in that the said defendant, who was seventeen years of age or older, knowingly committed an act of contact with [the victim] who was under thirteen years of age when the act was committed, in that said defendant caused [his] sex organ (penis) to make contact with the hand of [the victim] for the purpose of the defendant's sexual gratification or arousal."

¶ 4    Prior to sentencing, defendant filed a motion to be sentenced for the Class 2 felony of aggravated criminal sexual abuse. He claimed that predatory criminal sexual assault of a child contained identical elements to the less severe offense of aggravated criminal sexual abuse, which he argued violated the proportionate penalties clause of the Illinois Constitution. The circuit court denied the motion, finding that the two offenses did not contain identical elements, given that the offense of predatory criminal sexual assault of a child required "contact" between the sex organ or anus of the defendant or victim, while aggravated criminal sexual abuse broadly required an act of "sexual conduct" that did not necessarily involve contact with a sex organ or anus.

¶ 5    On appeal, defendant again argued that the penalty for predatory criminal sexual assault of a child violated the proportionate penalties clause of the Illinois Constitution under the identical elements test. *Id.* The appellate court interpreted the definition of the element "sexual conduct" for the offense of aggravated criminal sexual abuse. *Id.* ¶ 18 (citing 720 ILCS 5/11-0.1 (West 2018)). It concluded that sexual conduct can occur in three ways, when

> "for the purpose of sexual gratification or arousal of the defendant or the victim, there is (1) knowing touching or fondling of the victim's or the defendant's sex organs, anus, or breast, *or* (2) knowing touching or fondling of any part of the body of a child under age 13, *or* (3) any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim." (Emphases in original and internal quotation marks omitted.) *Id.*

¶ 6    By contrast, the court noted that predatory criminal sexual assault of a child "concerns 'contact, however slight, between the sex organ or anus of one person and the part of the body of another,' where the victim is under 13 years of age." *Id.* ¶ 19 (quoting 720 ILCS 5/11-1.40(a)(1) (West 2018)). The

---

[1]The appellate court observed that defendant cited a different form of aggravated criminal sexual abuse in the trial court (720 ILCS 5/11-1.60(b) (West 2018)), but in the appellate court and this court, defendant relied on section 11-1.60(c)(1)(i). See 2023 IL App (2d) 210690, ¶ 4 n.1. The State took no issue with this discrepancy in either the appellate court or this court.

court found that, although both offenses required the victim to be under the age of 13, the broad definition of sexual conduct could be satisfied without contact involving the sex organ or anus. *Id.* Therefore, a person could commit the offense of aggravated criminal sexual abuse without also committing the offense of predatory criminal sexual assault of a child. *Id.* Consequently, the court concluded that the two offenses did not contain identical elements in violation of the proportionate penalties clause. *Id.* ¶ 27.

¶ 7 Defendant appeals.

¶ 8                                    ANALYSIS

¶ 9     In this court, defendant contends that the courts below erred in rejecting his argument that the penalty for the offense of predatory criminal sexual assault of a child violates the proportionate penalties clause of our state constitution. The constitutionality of a statute is a question of law, which we review *de novo*. *People v. Hauschild*, 226 Ill. 2d 63, 83 (2007).

¶ 10    The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. When reviewing a proportionate penalties claim, "our ultimate inquiry is whether the legislature has set the sentence in accord with the seriousness of the offense." *People v. Guevara*, 216 Ill. 2d 533, 543 (2005). One way a penalty can violate the proportionate penalties clause, which is at issue here, is if that penalty "is greater than the sentence for an offense with identical elements." *People v. Ligon*, 2016 IL 118023, ¶ 10. This is known as the identical elements test.

¶ 11    Under the identical elements test, where different offenses contain identical elements, "common sense and sound logic would seemingly dictate that their penalties be identical." *People v. Christy*, 139 Ill. 2d 172, 181 (1990). When two different offenses contain identical elements but different penalties, "the penalties [are] unconstitutionally disproportionate and the offense with the greater penalty [cannot] stand." *People v. Williams*, 2015 IL 117470, ¶ 10 (citing *Christy*, 139 Ill. 2d at 181). This objective test compares the elements of the two offenses to determine if the offenses are the same. *Id.* ¶ 19. Given that the test is objective, it does not consider the offenses as applied to an individual defendant. *Id.* Here, we compare section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2018)) (predatory criminal sexual assault of a child) with section 11-1.60(c)(1)(i) of the Code (*id.* § 11-1.60(c)(1)(i)) (aggravated criminal sexual abuse).

¶ 12    Section 11-1.40(a)(1) provides that

> "[a] person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused *** and:
>
>> (1) the victim is under 13 years of age[.]" *Id.* § 11-1.40(a)(1).

Contact has been interpreted to mean any touching. *People v. Kitch*, 2019 IL App (3d) 170522, ¶ 51. Contact in the context of this statute requires direct contact between the sex organ or anus of one person and any part of the body of another.

¶ 13    By comparison, section 11-1.60(c)(1)(i) provides that "[a] person commits aggravated criminal sexual abuse if: (1) that person is 17 years of age or over and: (i) commits an act of sexual conduct with a victim who is under 13 years of age." 720 ILCS 5/11-1.60(c)(1)(i) (West 2018). "Sexual conduct" is defined as

> "any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon

- 3 -

any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused." *Id.* § 11-0.1.

The first two definitions involve the knowing touching or fondling based on the age of the victim. Depending on the victim's age,

" 'sexual conduct' involving a victim of the age of 13 and over requires intentional touching or fondling of certain parts of the body, namely, the sex organs, the anus, or the breast, whereas 'sexual conduct' involving a victim under the age of 13 years includes the touching or fondling of 'any part of the body,' in all cases for the purpose of sexual gratification or arousal of the victim or the accused." *People v. Nibbio*, 180 Ill. App. 3d 513, 517 (1989) (interpreting the former version of the statute, which mirrored the relevant language of the current version of the definition of sexual conduct).

The third definition involves the transfer of semen regardless of the victim's age. Therefore, where the conduct in question does not involve the transfer of semen, the element of sexual conduct under section 11-1.60(c)(1)(i)—which requires the victim to be under the age of 13—is defined as any "knowing touching or fondling by the victim or the accused, either directly or through clothing, of *** any part of the body of a child under 13 years of age." 720 ILCS 5/11-0.1 (West 2018); see *Nibbio*, 180 Ill. App. 3d at 517.

¶ 14   The plain language of these statutes demonstrates a clear difference between the two offenses. Although both require the victim to be under the age of 13, aggravated criminal sexual abuse concerns any touching or fondling for purposes of sexual gratification or arousal, whereas predatory criminal sexual assault of a child requires direct contact with the sex organ or anus. While acts that satisfy the contact element of predatory criminal sexual assault of a child also satisfy the element of sexual conduct, the opposite is not always true.

"For example, a defendant who massages the back of a naked six-year-old for purposes of sexual gratification can be convicted of aggravated criminal sexual abuse, but without an allegation that the touching concerned a sex organ or anus, the defendant cannot also be convicted of predatory criminal sexual assault of a child." 2023 IL App (2d) 210690, ¶ 20.

Consequently, the two offenses do not contain identical elements. See generally *People v. Gallegos-Moreno*, 2023 IL App (1st) 220958-U (agreeing with the appellate court's decision in the case at bar); *People v. D.K.*, 2023 IL App (2d) 220267-U (same). The legislature could have reasonably believed that contact between the sex organ or anus of the defendant and a child victim required a more severe penalty. Therefore, the more severe sentence provided for the offense of predatory criminal sexual assault of a child is not constitutionally disproportionate to the less severe sentence for the offense of aggravated criminal sexual abuse.

¶ 15   Nevertheless, defendant asks this court to consider the elements of the offense as alleged in this case and find that both offenses contain identical elements. He notes that he was convicted of predatory criminal sexual assault of a child based on one theory of guilt—that he caused his penis to make contact with the hand of the victim for the purpose of sexual gratification or arousal. Had defendant been charged with aggravated criminal sexual abuse, defendant claims the State would be required to prove contact between defendant's penis and the victim's hand to satisfy the element of sexual conduct. Since his acts satisfied the elements of both offenses, he contends the elements must be identical.

¶ 16   We reject defendant's argument for two reasons. First, despite defendant's insistence to the contrary, his argument is an as-applied challenge, which is not appropriate under the identical elements test. *Williams*, 2015 IL 117470, ¶ 19. The identical elements test compares the elements of two offenses to determine if the offenses are the same. *Id.* This objective test does not consider the offenses as applied to an individual defendant. *Id.* Rather, the question of whether the elements of one offense are the same as those of another offense turns on that statutory language, not the facts alleged in a particular case. Here, the analysis is whether "sexual conduct" means the same thing as "contact" based on the statutory

language. That defendant's acts in this case constituted both offenses shows only that aggravated criminal sexual abuse may be a lesser included offense of predatory criminal sexual assault of a child in some cases, but that does not make the elements identical. For the same reason, we find defendant's reliance on *Christy*, 139 Ill. 2d 172, *People v. Lewis*, 175 Ill. 2d 412 (1996), *Hauschild*, 226 Ill. 2d 63, and *People v. Clemons*, 2012 IL 107821, misplaced. Those decisions compared a felony offense to the offense of armed violence and did not involve the offenses in question here. Further, the statutes in question involved the use of different words that meant the same thing. Here, the elements of contact and sexual conduct do not mean the same thing.

¶ 17 Defendant's argument has a second flaw in that it incorrectly defines the element of sexual conduct for the offense of aggravated criminal sexual abuse when the victim is under the age of 13. Defendant claims this court should rely on the first clause and define this element as "any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused." 720 ILCS 5/11-0.1 (West 2018). However, this definition has no application to section 11-1.60(c)(1)(i), which requires the victim to be under the age of 13. As noted above, when the victim is under the age of 13 and the conduct involves touching and fondling, sexual conduct is defined as "any knowing touching or fondling by the victim or the accused, either directly or through clothing, of *** any part of the body of a child under 13." *Id.* This does not require contact between the sex organ or anus of the victim or the accused, although proof of those facts would satisfy this definition.

¶ 18 Finally, we reject defendant's reliance on *People v. Deckard*, 2020 IL App (4th) 170781-U, which also compared predatory criminal sexual assault of a child and aggravated criminal sexual abuse but reached the opposite conclusion.[2] Relying on the fact that defendant's conduct in *Deckard* constituted both offenses, the court held that the offenses shared identical elements. *Id.* ¶ 75. The flaw in *Deckard* is it relied on the fact that the charging instrument alleged facts that could establish both offenses to find the elements are identical. As discussed above (*supra* ¶¶ 15-16), that is not the appropriate test. We therefore overrule *Deckard*.[3]

¶ 19                                                CONCLUSION

¶ 20 For the above reasons, we affirm the judgment of the appellate court, which affirmed the circuit court's judgment that the offense of predatory criminal sexual assault of a child does not contain identical elements to the offense of aggravated criminal sexual abuse and therefore does not violate the proportionate penalties clause of the Illinois Constitution.

¶ 21 Judgments affirmed.

¶ 22 JUSTICE HOLDER WHITE took no part in the consideration or decision of this case.

[2]The Fourth District has since held that "[t]o the extent the *Deckard* decision's mere existence suggests a defendant can raise an as-applied proportionate penalties challenge under the identical elements test, we emphasize the supreme court's decision in *Williams* does not allow such a challenge." *People v. Melvin*, 2023 IL App (4th) 220385, ¶ 30.

[3]In coming to this conclusion, we also note that *Deckard* is an unpublished appellate court decision from before 2021, which Rule 23 does not permit a litigant to cite for persuasive purposes. See Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023).