2025 IL App (1st) 241508-U

No. 1-24-1508

Order filed March 28, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 95 CR 0672301 |
| | ) | |
| MODESTO ECHEZARRETA, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's denial of defendant's petition for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure is affirmed where defendant failed to establish that the statute under which he was sentenced was facially unconstitutional under the proportionate penalties clause.

¶ 2    Defendant Modesto Echezarreta appeals the denial of his petition for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2022). The issue presented is whether the circuit court erred as a matter of law in denying the petition because the statute under which defendant was sentenced violated the proportionate penalties clause of the Illinois Constitution. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In 1998, a jury convicted defendant of first degree murder, robbery, and vehicular hijacking, the facts of which have already been laid out by this court in a prior appeal. *People v. Echezarreta*, 2018 IL App (1st) 180624-U, ¶¶ 4-11. At sentencing, the circuit court concluded that defendant had exhibited exceptionally brutal or heinous behavior indicative of wanton cruelty in connection with the murder, which triggered enhancement provisions in the Illinois Criminal Code and Unified Code of Corrections. 720 ILCS 5/9-1(a) (West Supp. 1993) (elements of first degree murder); 730 ILCS 5/5-8-1(a)(1)(b) (aggravating factors allowing for a sentence of natural life, including brutal or heinous conduct) (West Supp. 1993). As a result, the circuit court sentenced defendant to natural life in prison in February 1999.

¶ 5     Following a direct appeal of his conviction and post-conviction proceedings, defendant filed the instant petition for relief from judgment under section 2-1401. The parties briefed the State's motion to dismiss defendant's petition, and the circuit court denied the petition on July 9, 2024. This timely appeal followed. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994).

¶ 6                                    II. ANALYSIS

¶ 7     Defendant argues that the statute under which he was sentenced violated the proportionate penalties clause of the Illinois Constitution. Defendant contends that by creating two provisions that contained different sentences for first degree murder accompanied by brutal or heinous behavior indicative of wanton cruelty, the legislature created two offenses. Under defendant's theory, because these two offenses were identical but resulted in different sentences, the statutes violated the proportionate penalties clause and were facially unconstitutional. The State argues that the statutes describe only one offense with a range of possible sentences and were therefore

not unconstitutional. This court reviews the grant or denial of a purely legal 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007). The same standard applies when deciding the constitutionality of a statute. *People v. Gray*, 2017 IL 120958, ¶ 57. We presume that statutes are constitutional, and the party challenging the statute bears the burden to establish "constitutional invalidity." *Burger v. Lutheran General Hospital*, 198 Ill. 2d 21, 31 (2001). "[A] statute is facially unconstitutional only if no set of circumstances exists under which the statute would be valid." *Taylor v. Cowan*, 339 Ill. App. 3d 406, 411 (2003).

¶ 8       Article I of the Illinois Constitution requires that "[a]ll penalties [ ] be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970 art. I, § 11; *e.g.*, *People v. Johanson*, 2024 IL 129425, ¶ 10 (referring to this section of Article I as "[t]he proportionate penalties clause"). "A proportionality challenge contends that the penalty in question was not determined according to the seriousness of the offense ***." *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005). A statute violates the proportionate penalties clause "(1) if it is so cruel, degrading, or disproportionate to the offense that the sentence shocks the moral sense of the community; or (2) if it is greater than the sentence for an offense with identical elements." *People v. Ligon*, 2016 IL 118023, ¶ 10.

¶ 9       The second basis, on which defendant relies, is known as the "identical elements" test. *Id.* ¶ 11. A statute is "unconstitutionally disproportionate if *** identical offenses are given different sentences." *People v. Miller*, 202 Ill. 2d 328, 338 (2002). The test rests on the conclusion that if the legislature decides that the "exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense." *Sharpe*, 216 Ill. 2d at 522. Typically, Illinois courts analyze these challenges by "compar[ing] the elements of the

two offenses to determine if the offenses are the same." *Johanson*, 2024 IL 129425, ¶ 11. Here, the circuit court sentenced defendant under section 5-8-1 of the Unified Code of Corrections, entitled "Sentence of Imprisonment for Felony." 730 ILCS 5/5-8-1. The sentencing provision set the term sentence for first degree murder at 20 to 60 years or, "if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," natural life. 730 ILCS 5/5-8-1(a)(1)(a)-(b).

¶ 10    By comparison, section 5-8-2 allowed for an extended term of 60 to 100 years for first degree murder where defendant exhibited "exceptionally brutal or heinous behavior indicative of wanton cruelty." 730 ILCS 5/5-8-2(a)(1), 5-5-3.2(b)(2) (West Supp. 1993). Both provisions referred to first degree murder accompanied by brutal or heinous behavior. The only basis offered by defendant for these provisions creating separate offenses is that they allow the circuit court to impose either natural life or an extended term sentence. Defendant acknowledges that while the two provisions "were not explicitly labeled as different 'offenses,' " he argues that by providing two possible sentences for first degree murder accompanied by brutal or heinous conduct indicative of wanton cruelty, the 1993 statutes "created two offenses, governed by two different statutes—natural life exceptionally brutal and heinous first-degree murder and extended term 60 to 100 [year] exceptionally brutal and heinous first-degree murder."

¶ 11    Since the test's inception, the Illinois Supreme Court has repeatedly applied it by comparing two different offenses to see if they were, in substance, identical. *Sharpe*, 216 Ill. 2d at 503-04 (tracing the identical elements analysis to *People v. Christy*, 139 Ill. 2d. 172 (1990)); see, *e.g.*, *Christy*, 139 Ill. 2d. at 181 (comparing the offenses of aggravated kidnapping and armed violence predicated on kidnapping with a Category I weapon); *People v. Taylor*, 2015 IL 117267,

¶¶ 15-16 (explaining that "a violation of the proportionate penalties clause arises out of the relationship between *two statutes*," referring to the armed robbery statute and the armed violence statute (Emphasis added.)); *Ligon*, 2016 IL 118023, ¶ 20 (comparing the offense of aggravated vehicular hijacking with a dangerous weapon other than a firearm with the offense of armed violence); *People v. Rothe*, 2024 IL 129906, ¶ 14 (comparing the elements of armed robbery with a dangerous weapon other than a firearm with the elements of armed violence with a Category III weapon). The very cases defendant cites illustrate this principle. *Christy*, 139 Ill. 2d at 181; *People v. Hauschild*, 226 Ill. 2d 63, 84-85 (2007) (comparing the offense of armed robbery while armed with a firearm with the offense of armed violence predicated on robbery); *People v. Lewis*, 175 Ill. 2d 412, 418-20 (1996) (applying the identical elements test by "consider[ing] the relationship of three statutory offenses: robbery, armed robbery, and armed violence" and explaining that "comparing *different offenses* and their respective penalties is an accepted part of [the supreme court's] proportionality review" (Emphasis added.)).

¶ 12    Here, defendant attempts to create two offenses for comparison by pointing to two sentences for first degree murder accompanied by brutal and heinous conduct. However, defendant cites no case in which the mere existence of multiple possible sentences for a single offense creates a new offense for each alternative. Where the Unified Code of Corrections "imposes, in the discretion of the trial court, a spectrum of severity of penalty for most offenses therein enumerated," *People v. Peterson*, 16 Ill. App. 3d 1025, 1028 (1974), it would be absurd to conclude that the legislature intended to create a new crime at each point on that spectrum. *Sigcho-Lopez v. Illinois State Board of Elections*, 2022 IL 127253, ¶ 28 (in construing a statute, "a court presumes that the legislature did not intend absurd, inconvenient, or unjust results").

¶ 13    It is true that under the statutes in place in 1993, a defendant convicted of first degree murder accompanied by brutal or heinous conduct could have been sentenced to either 60 to 100 years' imprisonment or natural life. However, whether one offense can constitutionally result in different sentences for different defendants does not implicate the proportionate penalties clause under the identical elements test. *People v. Bloomingburg*, 346 Ill. App. 3d 308, 323-24 (2004) (collecting cases and explaining that application of the identical elements test requires the comparison of two distinct offenses). Under defendant's proposed application, a single offense would always have identical elements when "compared" to itself, collapsing the identical-elements test into a blanket rule that no single offense can have more than one possible punishment. Not so. See, *e.g.*, *People v. Villalobos*, 2020 IL App (1st) 171512, ¶ 72 ("A sentence within the appropriate sentencing range is generally accorded great deference by this court."). Accordingly, the circuit court properly denied defendant's petition as a matter of law.

¶ 14                                III. CONCLUSION

¶ 15    The judgment of the circuit court of Cook County is affirmed.

¶ 16    Affirmed.