NOTICE

Decision filed 05/02/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220048-U

NO. 5-22-0048

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 05-CF-1433 |
| | ) | |
| JOSEPH C. ROTHE, | ) | Honorable |
| | ) | Janet R. Heflin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's denial of the defendant's petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401(West 2020)) is affirmed where his sentence for armed robbery did not violate the proportionate penalties clause of the Illinois Constitution.

¶ 2    The defendant, Joseph C. Rothe, appeals the dismissal of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)), arguing that his Class X armed robbery conviction violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) in that the identical offense of armed violence predicated on robbery with a Category III weapon is punished less severely than armed robbery, as charged in this case.  For the reasons that follow, we affirm the order of the circuit court of Madison County.

1

¶ 3                            I. BACKGROUND

¶ 4     As we have sufficiently detailed the facts of this case in our previous decision in the defendant's direct appeal (*People v. Rothe*, No. 5-07-0683 (2009) (unpublished order under Illinois Supreme Court Rule 23)), and in our decision following the denial of his amended petition for postconviction relief (*People v. Rothe*, No. 2014 IL App (5th) 120552-U), we will recite only those facts necessary to dispose of the issue raised here.

¶ 5     The evidence at trial established that, on June 6, 2005, at approximately 12:40 a.m., Shawn Woodruff was walking north on Main Street in Edwardsville, Illinois, after leaving a downtown bar. The defendant approached Woodruff, demanded money from him, and struck him in the face with a large red pipe wrench, which severely damaged his jaw. Based on the evidence presented at the jury trial, the defendant was convicted of armed robbery. Since the armed robbery was his third Class X conviction, the trial court subsequently sentenced him to natural life imprisonment as a habitual criminal under section 33B-1 of the Criminal Code of 1961 (720 ILCS 5/33B-1 (West 2006) (now enacted at 730 ILCS 5/5-4.5-95(a) (West 2022))). His conviction was then affirmed on direct appeal. *People v. Rothe*, No. 5-07-0683 (2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6     In July 2010, the defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)), in which he argued, among other things, that his sentence for armed robbery violated the proportionate penalties clause of the Illinois Constitution. However, the proportionate penalties argument was not included in his August 2011 amended petition filed by appointed counsel. Subsequently, the State filed a motion to dismiss the amended petition, which the trial court granted with respect to all issues except for the defendant's alibi-defense claim. After the evidentiary hearing on the alibi-defense claim, the court entered an

order denying the claim. This decision was also affirmed on appeal. *People v. Rothe*, No. 2014 IL App (5th) 120552-U.

¶ 7    Subsequently, on October 31, 2016, the defendant *pro se* filed a petition pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2014)). In this petition, he argued that his natural life sentence based on his conviction for the Class X offense of armed robbery with a dangerous weapon, other than a firearm, violated the proportionate penalties clause because the identical offense of armed violence predicated on a robbery with a Category III weapon was punishable as a Class 2 felony. Although the defendant did not file his section 2-1401 petition within the required two-year time limit, he argued that a voidness challenge based on the unconstitutionality of a criminal statute under the proportionate penalties clause could be raised at any time. In response, on August 25, 2017, the State filed a motion to dismiss the section 2-1401 petition because the petition was untimely in that it was filed more than two years after entry of the judgment. Following a hearing on the motion to dismiss, on January 14, 2022, the trial court granted the State's motion to dismiss, finding that the petition for relief was not timely filed. This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, the defendant argues that his armed robbery conviction and natural life sentence must be vacated because the proportionate penalties clause of the Illinois Constitution (Ill Const. 1970, art. I, § 11) was violated in that the identical offense of armed violence predicated on robbery with a Category III weapon would have received a lesser sentence. Armed violence predicated on robbery with a Category III weapon was a Class 2 felony, punishable with a sentence of three to seven years' imprisonment. See 720 ILCS 5/33A-2(a), 33A-3(b) (West 2006); 730 ILCS 5/5-8-1(a)(5) (West 2006). By contrast, armed robbery with a dangerous weapon was a Class X offense,

3

which was generally punishable with a sentence between 6 and 30 years.  See 720 ILCS 5/18-2(b) (West 2006); 730 ILCS 5/5-8-1(a)(3) (West 2006).  However, the defendant, having previously been twice convicted of Class X felonies, received a natural life sentence as a habitual criminal under section 33B-1 of the Criminal Code of 1961 (720 ILCS 5/33B-1 (West 2006) (now enacted at 730 ILCS 5/5-4.5-95 (West 2022))).

¶ 10    As noted above, the defendant brought this issue in a section 2-1401 petition, and the trial court found that it was untimely filed.  Generally, a section 2-1401 petition must be filed no later than two years after entry of the order of judgment.  735 ILCS 5/2-1401(c) (West 2014).  However, voidness challenges based on the unconstitutionality of a criminal statute under the proportionate penalties clause may be raised at any time.  *People v. Ligon*, 2016 IL 118023, ¶ 9.  Also, a motion to vacate a void judgment is properly raised in a section 2-1401 petition.  *Id.*  Thus, we will address the merits of the defendant's argument.

¶ 11    The proportionate penalties clause of the Illinois Constitution provides that all penalties must be determined according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.  Ill. Const. 1970, art. I, § 11.  When analyzing whether a statute violates the proportionate penalties clause, our ultimate inquiry is whether the legislature has set the sentence in accord with the seriousness of the offense.  *People v. Hernandez*, 2016 IL 118672, ¶ 9.

¶ 12    A sentence violates the proportionate penalties clause if: (1) it is cruel, degrading, or so wholly disproportionate to the offense that it shocks the moral sense of the community or (2) it is greater than the sentence for an offense with identical elements.  *Ligon*, 2016 IL 118023, ¶ 10.  The defendant in the present case based his proportionate penalties challenge on the identical elements test.  Under that test, our supreme court has consistently held that, if the legislature

determines the exact same elements merit two different penalties, then one of those penalties has not been set in accordance with the seriousness of the offense. *Id.* ¶ 11. Thus, where the identical offenses do not yield identical penalties, the penalties are unconstitutionally disproportionate, and the greater penalty cannot stand. *Id.* Because the constitutionality of a statute is purely a matter of law, we review the question *de novo. Id.*

¶ 13    A person committed armed robbery when he took property from the person or presence of another by the use of force or threat of force while armed with a dangerous weapon other than a firearm. 720 ILCS 5/18-1(a), 18-2(a)(1) (West 2006). In comparison, a person committed armed violence when, armed with a dangerous weapon, he committed any felony defined by Illinois law, with the exception of certain enumerated felonies; robbery was not included in the enumerated exceptions. 720 ILCS 5/33A-2(a) (West 2006). A person was considered armed with a dangerous weapon for purposes of armed violence when he carried on or about his person or was otherwise armed with a Category I, Category II, or Category III weapon. *Id.* § 33A-1(c)(1). Category III weapons were defined as a "bludgeon, black-jack, slungshot, sand-bag, sand-club, metal knuckles, billy, or other dangerous weapon of like character." *Id.* § 33A-1(c)(3).

¶ 14    In *Hernandez*, defendant was convicted of armed robbery while armed with a dangerous weapon, *i.e.*, a bludgeon. *Hernandez*, 2016 IL 118672, ¶¶ 3-7. He subsequently argued that the armed robbery statute was facially unconstitutional because it carried a harsher penalty than that imposed for armed violence with a Category III weapon. *Id.* ¶¶ 1, 6-7. After comparing the elements of the two offenses, our supreme court determined that the elements of armed robbery with a dangerous weapon were not identical to the elements of armed violence with a Category III weapon. *Id.* ¶¶ 12-16. In making this decision, the court noted that the relevant armed robbery statute required that defendant be armed with a dangerous weapon but did not define "dangerous

5

weapon." *Id.* ¶ 12. Thus, the common law definition of that term applied. *Id.* Under the common law, determining what constituted a dangerous weapon presented a factual question and included any object sufficiently subject to be used in a manner likely to cause a victim serious injury, *i.e.*, objects that were *per se* dangerous as well as objects that could be used in a dangerous manner. *Id.*

¶ 15    However, in contrast, and as explained above, the relevant armed violence statute required defendant be armed with a dangerous weapon as defined by section 33A-1(c)(1) of the Criminal Code of 1961 (720 ILCS 5/33A-1(c)(1) (West 2006)). *Id.* § 33A-2(a); *Hernandez*, 2016 IL 118672, ¶ 13. Thus, Category III dangerous weapons for purposes of the armed violence statute are defined by statute and are limited to the weapons identified by the statute. *Hernandez*, 2016 IL 118672, ¶ 13. The court then noted that, although the weapon used by defendant in the armed robbery, *i.e.*, tin snips, qualified under the common-law definition applicable to the statutory offense of armed robbery, it did not fall within the meaning of a Category III dangerous weapon (a bludgeon or bludgeon-like weapon) as defined by the armed violence statute. *Id.* ¶¶ 14-15. Specifically, the court concluded that tin snips would not be considered a bludgeon or other dangerous weapon of like character where, notwithstanding any shared characteristics to a bludgeon and that it was used like a bludgeon, it was not inherently dangerous and had a legitimate use. *Id.* Consequently, the court determined that the common-law definition of dangerous weapon for the purposes of the armed robbery statute was broader than the definition of dangerous weapon in the armed violence statute. *Id.* ¶ 16.

¶ 16    Because the definitions were not the same, the supreme court found that the elements of armed robbery were not identical to the elements of armed violence with a Category III weapon.

*Id.* Therefore, the court concluded that the two offenses did not violate the identical elements test of the proportionate penalties clause. *Id.*

¶ 17    Following *Hernandez*, we conclude that the armed robbery statute that the defendant was convicted under did not violate the proportionate penalties clause under the identical elements test because the general, broader class of dangerous weapons under the armed robbery statute was distinct from the specific, statutorily defined list of dangerous weapons under the armed violence statute. Consequently, we affirm the trial court's denial of the defendant's section 2-1401 petition for relief from judgment. See *People v. White*, 2017 IL App (1st) 130882, ¶ 26 (the appellate court may affirm a decision of the circuit court on any basis that appears in the record on appeal).

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.


¶ 20    Affirmed.