**2024 IL 129906**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 129906)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
JOSEPH ROTHE, Appellant.

*Opinion filed November 21, 2024.*

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Rochford, and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1 The defendant, Joseph Rothe, was convicted of armed robbery with a dangerous weapon other than a firearm and sentenced to life imprisonment. Rothe subsequently filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). In his petition, Rothe argued that his conviction violated the proportionate penalties

clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because the offense of armed robbery with a weapon other than a firearm and armed violence with a Category III weapon contain identical elements but the penalty for the armed robbery offense is greater. The Madison County circuit court dismissed Rothe's petition as untimely.

¶ 2 The appellate court affirmed the circuit court's dismissal of Rothe's petition, but on other grounds. 2023 IL App (5th) 220048-U. The appellate court first held that the circuit court erred in ruling that the petition was untimely because Rothe's constitutional challenge could be raised at any time. *Id.* ¶ 10. The appellate court then rejected Rothe's claim on the merits, holding that the offenses of armed robbery with a dangerous weapon other than a firearm and armed violence with a Category III weapon do not contain identical elements because they have different definitions for a "dangerous weapon." *Id.* ¶ 17. For the following reasons, we affirm the judgment of the appellate court.

¶ 3                                                BACKGROUND

¶ 4 On June 6, 2005, at approximately 12:40 a.m., Shawn Woodruff was leaving a bar in Edwardsville when Rothe approached him and demanded money. Rothe then struck Woodruff in the face with a pipe wrench, breaking his jaw.

¶ 5 Rothe was subsequently arrested and convicted of armed robbery with a dangerous weapon other than a firearm, which is punishable as a Class X offense. Because this was his third Class X conviction, the trial court sentenced Rothe to life imprisonment as a habitual criminal pursuant to section 33B-1 of the Criminal Code of 1961 (720 ILCS 5/33B-1 (West 2006) (now codified at 730 ILCS 5/5-4.5-95(a))). Rothe's conviction and sentence were affirmed on direct appeal. *People v. Rothe*, 389 Ill. App. 3d 1166 (2009) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6 In 2010, Rothe filed a *pro se* postconviction petition, which was ultimately denied. That judgment was affirmed on appeal. *People v. Rothe*, 2014 IL App (5th) 120552-U.

¶ 7    On October 31, 2016, Rothe filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code, which is the subject of this appeal. Rothe's petition argued that his conviction for armed robbery with a dangerous weapon other than a firearm violates the proportionate penalties clause of the Illinois Constitution pursuant to the identical elements test. Specifically, Rothe argued that the elements of armed robbery are the same elements as armed violence predicated on a robbery with a Category III weapon. Yet, the armed violence offense is only a Class 2 felony and therefore punishable by a lesser sentence of three to seven years' imprisonment (730 ILCS 5/5-8-1(a)(5) (West 2006)). Rothe's petition maintained that, because the two offenses are identical but armed robbery carries a greater sentence, the penalty for armed robbery is disproportionately harsh and so he should be resentenced under the armed violence statute. The trial court dismissed Rothe's section 2-1401 petition as untimely.

¶ 8    On appeal, the appellate court first held that Rothe's section 2-1401 petition was timely even though it was filed more than two years after his conviction and sentence, because "voidness challenges based on the unconstitutionality of a criminal statute under the proportionate penalties clause may be raised at any time." 2023 IL App (5th) 220048-U, ¶ 10. The appellate court therefore addressed the merits of Rothe's petition. *Id.*

¶ 9    In analyzing the merits of Rothe's argument, the appellate court was guided by *People v. Hernandez*, 2016 IL 118672, ¶ 14, in which this court determined that the elements of armed robbery with a dangerous weapon are *not* identical to the elements of armed violence with a Category III weapon. The appellate court noted that this court had so ruled because "dangerous weapons" under the armed robbery statute are defined using the common-law definition of that term, whereas Category III weapons under the armed violence statute are defined as one of a limited list of *per se* weapons. 2023 IL App (5th) 220048-U, ¶ 14. The appellate court explained that the weapon used in *Hernandez* was tin snips,[1] which qualified under the common-law definition of dangerous weapons applicable to armed robbery but was not one of the Category III dangerous weapons defined by the armed violence statute. *Id.* ¶ 15. "Consequently, the court [in *Hernandez*] determined that the common-law definition of dangerous weapon for the purposes of the armed robbery

---

[1]Tin snips are a tool that resemble " 'big shears.' " *Hernandez*, 2016 IL 118672, ¶ 4.

statute was broader than the definition of dangerous weapon in the armed violence statute." *Id.*

¶ 10        Applying *Hernandez* to this case, the appellate court concluded that the offense of armed robbery with a dangerous weapon other than a firearm does not violate the proportionate penalties clause under the identical elements test because the armed robbery statute's *broad* class of dangerous weapons is distinct from the *specific* list of Category III weapons identified in the armed violence statute. *Id.* ¶ 17. The appellate court therefore affirmed the trial court's denial of Rothe's section 2-1401 petition. *Id.*

¶ 11        This court granted Rothe's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2020).

¶ 12                                     ANALYSIS

¶ 13        At issue is whether Rothe's Class X sentence for armed robbery with a dangerous weapon other than a firearm violates the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970, art. I, § 11. The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." *Id.* The proportionate penalties clause is violated when the penalty for one offense is greater than the penalty for another offense with identical elements. *People v. Johanson*, 2024 IL 129425, ¶ 10 (citing *People v. Ligon*, 2016 IL 118023, ¶ 10). Under the identical elements test, if two different offenses contain identical elements but different penalties, the penalties are deemed unconstitutionally disproportionate, and the offense with the greater penalty cannot stand. *Id.* ¶ 11 (quoting *People v. Williams*, 2015 IL 117470, ¶ 10); see *People v. Sharpe*, 216 Ill. 2d 481, 504 (2005). The identical elements test "compares the elements of the two offenses to determine if the offenses are the same." *Johanson*, 2024 IL 129425, ¶ 11. It is an objective test and therefore does not consider the offenses as applied to an individual defendant. *Williams*, 2015 IL 117470, ¶ 19. Whether a statute violates the proportionate penalties clause under the identical elements test is a question of law, which we review *de novo*. *Id.* ¶ 8.

¶ 14     Our analysis in this case requires us to compare the elements of the offenses of armed robbery with a dangerous weapon other than a firearm and the elements of armed violence with a Category III weapon, to determine if they contain identical elements. Looking first to the offense of armed robbery with a dangerous weapon other than a firearm, a person commits that offense when he commits robbery and carries on or about his person or is otherwise armed with a dangerous weapon other than a firearm. 720 ILCS 5/33A-2(a) (West 2006). The armed robbery statute does not provide a definition of "dangerous weapon," and thus the definition is derived from common law. *Hernandez*, 2016 IL 118672, ¶ 12. What constitutes a "dangerous weapon" under the armed robbery statute is a question of fact and includes any object sufficiently susceptible to use in a manner likely to cause serious injury. *Id.*; *Ligon*, 2016 IL 118023, ¶ 21; see *People v. Skelton*, 83 Ill. 2d 58, 66 (1980) ("many objects, including guns, can be dangerous and cause serious injury, even when used in a fashion for which they were not intended"). In other words, the definition of "dangerous weapon" under the armed robbery statute encompasses objects that are weapons *per se* as well as objects that may become weapons when *used in a dangerous manner*. *Hernandez*, 2016 IL 118672, ¶ 12; *People v. Ross*, 229 Ill. 2d 255, 275 (2008).

¶ 15     With respect to armed violence, a person commits that offense when, while armed with a dangerous weapon, he commits any felony and carries about his person or is otherwise armed with a Category I, Category II, or Category III weapon. 720 ILCS 5/33A-1(a), (c)(1) (West 2006). A Category III weapon, in turn, is defined as "a bludgeon, black-jack, slungshot, sand-bag, sand-club, metal knuckles, billy, or other dangerous weapon of like character." *Id.* § 33A-1(c)(3). "Category III dangerous weapons for purposes of the armed violence statute are defined by the statute and are therefore limited to the weapons identified by the statute." *Hernandez*, 2016 IL 118672, ¶ 13 (citing *Ligon*, 2016 IL 118023, ¶ 23).

¶ 16     In this case, Rothe asserts that, because a pipe wrench *may be used* to bludgeon another person, it is "of like character" to a bludgeon and therefore it is a Category III weapon. Thus, according to Rothe, the offenses of armed robbery with a dangerous weapon other than a firearm and armed violence with a Category III weapon have identical elements. We disagree.

¶ 17     In *People v. Davis*, 199 Ill. 2d 130, 141 (2002), this court determined that a BB/pellet gun is not a bludgeon or " 'of like character' " to one because it is not specifically listed as a Category III weapon in the armed violence statute. In so holding, we explained that, under the doctrine of *ejusdem generis*, "when a statutory clause specifically describes several classes of persons or things and then includes 'other persons or things,' the word 'other' is interpreted as meaning 'other such like.' " *Id.* at 138. This court then observed that, although a BB/pellet gun might be used to bludgeon another person, it is not, in fact, an actual bludgeon. *Id.* at 141. Thus, a BB/pellet gun could not be " 'of like character' " to bludgeon-type weapons for purposes of the statute. *Id.*

¶ 18     We reiterate now that the phrase "or other dangerous weapon of like character" in the armed violence statute does not mean *any item* that can be used to bludgeon another person. Under the doctrine of *ejusdem generis*, the phrase "or other dangerous weapon of like character" at the end of the list of weapons in the statute means *per se* weapons that resemble the weapons listed. See *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 57 (" 'where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are *** to be held as applying only to persons or things of the same general kind or class as those specifically mentioned' " (quoting Black's Law Dictionary 517 (6th ed. 1990))). The phrase "or other dangerous weapon of like character" does not mean that courts should conduct an item-by-item analysis to determine if the item can be used in the manner of a bludgeon or another Category III weapon; rather, it means a *per se* weapon that is akin to one of the identified Category III weapons. Stated another way, "bludgeon" as written in the statute refers to a noun, not a verb. Simply because an instrument can be *used* to bludgeon another person does not make it a "bludgeon" for purposes of the armed violence statute.

¶ 19     Rothe cites several appellate court cases that *did* engage in an item-by-item analysis and ultimately determined that everyday items that can be used to bludgeon a person qualify as a Category III weapon: *People v. Jones*, 2017 IL App (1st) 161344-U, ¶¶ 21-22 (tire iron qualified as a Category III bludgeon-type weapon); *People v. Cummings*, 2016 IL App (1st) 143948-U, ¶¶ 29-30 (baseball bat qualified as a bludgeon); and *People v. Gonzales*, 2014 IL App (1st) 120710-U, ¶ 18 (crow bar included in term "bludgeon"). These judgments cannot be reconciled with

*Davis* and *Hernandez* and our analysis discussed *supra*. To the extent that these cases hold that an everyday item that can be used to bludgeon a person constitutes a Category III weapon, and therefore can be defined as a bludgeon within the meaning of the statute, they are overruled.[2]

¶ 20　　We note that this reasoning aligns with the purpose of the armed violence statute. The statute was enacted in 1967 because the General Assembly was concerned with the possession of weapons during the commission of felonies. *Davis*, 199 Ill. 2d at 139. The armed violence statute was adopted as a means to discourage those contemplating committing a felony from carrying a dangerous weapon during the act. *Id.* The armed violence statute is not directed at everyday objects that might be *used* in a dangerous manner but at actual weapons, *per se*. If we were to read the armed violence statute the way Rothe urges us to, every object of moderate weight could be considered a weapon, which was not the intention of the general assembly and is not the meaning of the statute. "[T]he specific intent of the legislature in creating the armed violence statute would be defeated if objects other than those actual weapons defined and listed therein were considered to be 'dangerous weapons' within the statute's three categories." *Ligon*, 2016 IL 118023, ¶ 26.

¶ 21　　In short, the definition of "dangerous weapon" under the armed robbery statute is broader than the defined list of Category III weapons contained in the armed violence statute. *Id.* ¶ 27. For purposes of the armed robbery statute, dangerous weapons include not only objects that are weapons *per se* but also objects that can be *used* in a dangerous manner. In contrast, the definition of "dangerous weapon" under Category III of the armed violence statute is limited to the enumerated list of *per se* weapons provided in the statute or those of like character. See *Hernandez*, 2016 IL 118672, ¶ 16. Consequently, the two statutes do not contain the same definition of "dangerous weapon." Rothe's claim that his armed robbery conviction

---

[2]Additionally, Rothe's cited cases are all unpublished Rule 23 orders from before 2021. Rule 23(e) allows the citation of unpublished Rule 23 orders "for persuasive purposes" only when filed on or after January 1, 2021. Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023). Prior to 2021, Rule 23 provided that nonprecedential orders under Rule 23(c) "may not be cited by any party except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case," and Rothe's citation of these cases is thus improper. See Ill. S. Ct. R. 23(e) (eff. Apr. 1, 2018).

violates the proportionate penalties clause based on the identical elements test is therefore without merit.

¶ 22    Rothe nonetheless cites further cases in support: *People v. Lewis*, 175 Ill. 2d 412 (1996), *People v. Hauschild*, 226 Ill. 2d 63 (2007), and *People v. Clemons*, 2012 IL 107821. In *Lewis*, this court found that the commission of a robbery while armed with a handgun constitutes both armed robbery and armed violence predicated on robbery committed with a Category I weapon, making them identical offenses punished by disparate penalties. *Lewis*, 175 Ill. 2d at 418. As such, the penalty for armed violence predicated on robbery committed with a Category I weapon violates the proportionate penalties clause. *Id.* In *Hauschild*, this court held the elements of armed robbery while armed with a firearm and armed violence predicated on robbery with a Category I or Category II weapon are identical but that armed robbery carries a greater penalty and accordingly violates the proportionate penalties clause. *Hauschild*, 226 Ill. 2d at 86-87. And in *Clemons*, this court reaffirmed that *Hauschild* remains good law, confirming that the elements of armed robbery while armed with a firearm and armed violence predicated on robbery with a Category I or Category II weapon are identical offenses, warranting identical sentences. *Clemons*, 2012 IL 107821, ¶¶ 22, 26.

¶ 23    However, Rothe's reliance on the foregoing decisions is misplaced. None of those decisions compared the offense of armed robbery with the offense of armed violence predicated on a robbery with a *Category III* weapon. Instead, these cases all involved a firearm and considered armed robbery in relation to armed violence predicated on robbery with a *Category I or II* weapon.

¶ 24    In fact, in *Ligon* this court explained that "nothing contained in this court's decisions in *Clemons* or *Hauschild* precludes" the conclusion that "an object, regardless of how it is used, cannot be considered a dangerous weapon for purposes of the armed violence statute unless it is included in the three categories of weapons set forth in that statute." *Ligon*, 2016 IL 118023, ¶ 27. Both cases "dealt with the offense of armed robbery with a firearm, and firearms are included in the definition of Category I and Category II weapons under the armed violence statute," which is irrelevant when analyzing armed violence predicated on a robbery with a dangerous weapon, *other than a firearm. Id.* Thus, *Lewis*, *Hauschild*, and *Clemons* have no relevance to the analysis of this case.

¶ 25     Finally, Rothe argues that, had he committed the offense with a Category III weapon, such as a bludgeon and not a pipe wrench, he would have been convicted of armed violence and sentenced to three to seven years instead of life in prison. Rothe asserts there is an inherent unfairness about this disparity.

¶ 26     Our analysis here requires us to apply the statutes at issue as they were written by the legislature. "The responsibility for the justice or wisdom of legislation rests upon the legislature." *People v. Mayfield*, 2023 IL 128092, ¶ 27 (citing *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394 (1998)). We cannot rewrite the statutory language to reach Rothe's desired result as he invites us to do.

¶ 27     Since we have determined that armed robbery and armed violence predicated on robbery with a Category III weapon are not identical offenses and that there is no violation of the proportionate penalties clause, we affirm the appellate court's judgment dismissing Rothe's section 2-1401 petition.

¶ 28                                    CONCLUSION

¶ 29     For the foregoing reasons, we affirm the judgment of the appellate court, which affirmed the dismissal of Rothe's section 2-1401 petition.

¶ 30     Judgments affirmed.